(89 South. 500)

**BATSON v. STATE ex rel. POND.**
**(5 Div. 792.)**

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 30, 1921.)

**1. Clerks of courts ⬤⟿7—Right of register to office not affected by his county being detached from the circuit.**

The right of a register of the circuit court to his office, the term of which is coextensive with that of the judge appointing him, whether it is governed by Const. 1901, § 163, as to registers in chancery, or by Act Sept. 25, 1915 (Acts 1915, p. 811) § 12, is not affected by the county for which he was appointed being detached from the circuit of the judge appointing him.

**2. Clerks of courts ⬤⟿8—Register removable only for cause entered on the minutes.**

As the register in chancery was not removable by impeachment as a county officer under Const. 1901, § 175, but specifically, under section 166, only by the chancellor for cause, to be entered at length on the minutes of the court, so since the consolidation of the chancery court into the circuit court by Act Aug. 16, 1915 (Acts 1915, p. 279), a register of the circuit court, one of whom by provision of Act Sept. 25, 1915 (Acts 1915, p. 811) § 12, is to be appointed for each county by the judge of the circuit, or, in case there is more than one judge, by the presiding judge, and who is to perform "all the duties heretofore required of registers in chancery," may be removed, not, as there provided, at the pleasure of the judge, nor as county officers are removed, but as a register in chancery was removed, by the appointive power, for cause to be entered on the minutes. .

McClellan, J., Anderson, C. J., and Thomas, J., dissenting in part.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Quo warranto by the State, on the relation of Henry W. Pond, to inquire into the right of John W. Batson to hold the office of Register of the Circuit Court for Coosa County. From a decree overruling demurrers of respondent, and ousting him, he appeals. Reversed and rendered.

Felix L. Smith & Son and Henry A. Teel, all of Rockford, S. J. Darby, of Alexander City, and Garrison & Gay, of Ashland, for appellant.

The presiding judge was disqualified to try the case. 61 Ala. 169; 144 Ala. 497, 39 South. 354. The petition was sufficient, even if it had stopped at paragraph 3; but it goes farther, and shows respondent's title to the office, making it a civil suit between the parties. 154 Ala. 156, 45 South. 296; 143 Ala. 145, 42 South. 61; 196 Ala. 537, 72 South. 106. As a whole, the petition was subject to demurrer. 9 Ala. App. 352, 63 South. 741. The order of removal was void. Sections 173–175, Const. 1901; section 7099 et seq., Code 1907; 118 Ala. 154, 24 South. 251; 173 Ala. 453, 56 South. 211; 197 Ala. 40, 72 South. 330, Ann. Cas. 1918D, 869. The office in question is a county office, and the right to remove operates upon the individual, and not the term. Acts 1915, p. 811; 200 Ala. 353, 76 South. 119, and authorities next above.

Longshore & Koenig, of Columbiana, Joel B. Brown, of Birmingham, and McKay & Crumpton, of Ashland, for appellee.

The judge was not disqualified. 46 South. 989. The objection to the judge was not properly made. 1 Stew. 444; 17 Ala. 440; 3 Ala. App. 24, 58 South. 68. The register is not a county officer. 23 A. & E. Enc. of Law, 328; 11 Cyc. 414; 22 R. C. L. 387; 242 Mo. 293, 146 S. W. 783; 131 Wis. 499, 111 N. W. 712; 109 N. W. 216. The appointee went out of office with the judge who appointed him. 249 Mo. 249, 155 S. W. 396, Ann. Cas. 1914D, 97; 1 Ala. 688; 101 Ala. 149, 13 South. 410; Acts 1919, p. 858; Acts 1915, p. 811. The old office of register in chancery has been abolished and another created, and section 166, Const. 1901, is functus officio. 200 Ala. 357, 76 South. 119; 187 Ala. 411, 65 South. 942. The power in this respect in the Legislature is supreme. 122 Ala. 125, 26 South. 124; 52 Ala. 79; 54 Ala. 226; 118 Ala. 1, 24 South. 89.

SAYRE, J. In January, 1917, respondent Batson was by Hon. S. L. Brewer, then just beginning a term of six years as judge of the Fifth judicial circuit, appointed register of the circuit court of Coosa county under authority of the Act of September 25, 1915, infra. By the Act of September 30, 1919 (Acts 1919, p. 858), the county of Coosa was taken without the Fifth circuit and attached to the Eighteenth, a new circuit. Hon. E. J. Garrison was appointed judge of the new circuit, and held office until the next election, in November, 1920, at which time Hon. W. L. Longshore was elected to fill the unexpired term. In the meantime, by the Act of August 16, 1915 (Acts 1915, p. 279), which took effect on the first Monday after the second Tuesday in January, 1917, all the jurisdiction and powers of the chancery court were conferred upon the circuit court, and the former was consolidated into the latter. Section 12 of the Act of September 25, 1915 (Acts 1915, p. 809 et seq.), provided that a register of the circuit court of each county should be appointed by the judge of the circuit, or, where there are more than one judge, by the presiding judge, sitting in equity division, as of course (section 3A, Id.). It was there (section 12) further provided that the register so appointed should perform "all the duties heretofore required of registers in chancery by law," and should "hold office for the term of the judge appointing him, but subject to removal at the pleasure of the judge by order entered on the minutes of the court." Proceeding, evidently, either upon the theory that the respondent's term of office had expired, or upon the authority of the last-quoted provision of the Act of September 25, 1915, one or both, Judge Longshore, on January 25 of the current year appointed petitioner, appellee Pond, register of the circuit court of Coosa county, and, respondent refusing to vacate the office, did on the next day spread upon the minutes an order removing respondent, no cause therefor being stated. By his application for the writ of quo warranto petitioner, appellee, sought the judgment of the court excluding respondent from office, and, as provided by section 5462 of the Code, a judgment upon petitioner's right.

[1] As for respondent's term of office, whether that term is affected by section 163 of the Constitution, or by section 12 of the Act of September 25, 1915, alone, it was and is coextensive with the term of the judge making the appointment. That term was six years, and we apprehend that the fact that the county of Coosa has been detached from the circuit presided over by the judge who made the appointment has not affected the right of respondent to his office. The judge could not be detached from his term except by impeachment, and under the plain letter of the Constitution and statute respondent took office for a term of six years, for that was then the term of the appointing judge, and that term is as yet unexpired.

[2] Now as to the last-quoted provision of the Act of September 25, 1915: Respondent contends that so much thereof as makes the register of the circuit court "subject to removal at the pleasure of the judge by order entered upon the minutes of the court" is

void, as opposed to section 175 of the Constitution. Under the terms of the section just referred to "the clerks of the circuit courts, or courts of like jurisdiction," and other named county officers, "and all other county officers * * * may be removed from office for any of the causes specified in section 173 of the Constitution"—that is, impeachment before a jury, and not otherwise. Touart v. Callaghan, 173 Ala. 453, 56 South. 211. We are not of the opinion that the register in chancery was, prior to the act of consolidation, a county officer within the meaning of section 175. Registers in chancery performed no service in which the counties as such had any interest. The Constitution required, not that they should reside in any county, but only that they should be "resident citizens of the district for which they are appointed" (section 163), and from an early period in the judicial history of the state down to the passage of the Act of September 25, 1915, there had been chancery divisions comprising more than one county. If, then, he was a county officer, of which county was he an officer in such case? And where was the venue of an impeachment proceeding against him? The section of the Constitution quoted last above further provided that registers in chancery should be appointed by the chancellors of their respective chancery divisions and should hold office for the term for which the chancellor making the appointment was elected or appointed. Under section 166 "registers in chancery may be removed from office * * * for cause, to be entered at length upon the minutes of the court." It must be inferred that the framers of the Constitution considered that the power of removal vested in the chancellors afforded a sufficient guaranty against the continuance in office of registers in chancery who might be guilty of the offenses denounced by section 173 as proper grounds for impeachment. Otherwise, even though it be assumed that registers in chancery were in some sort county officers (Osborn v. Henry, 200 Ala. 353, 76 South. 119), it will be hard to find any satisfactory reason for the fact that the framers of the Constitution omitted registers in chancery from the extended catalogue of county officers in section 175, where officers of far less dignity and consequence are named. "Specialia generalibus derogant," but "generalia specialibus non derogant." Now, the chancery jurisdiction in this state was not in the least impaired by the act of consolidation, and in every particular, save only in the name of the officer and in the official designation of the appointing power, the register of the circuit court is the same officer as was the register in chancery, and the Act of September 25, 1915, abundantly recognizes the fact. It is of no consequence that he is styled register of the circuit court.

He is in truth and in fact register in chancery under another name. He discharges all the duties and bears all the responsibilities of a register in chancery without change or abatement—precisely the duties and responsibilities discharged and borne by the register in chancery when the framers of the Constitution thought it well that the latter might be removed from office by the chancellor "for cause, to be entered at length upon the minutes of the court," and not otherwise. The registers of the circuit court might as well be called registers in chancery—perhaps more appropriately so, for they function only as arms and intimate parts of the court in the exercise of equity jurisdiction—a jurisdiction which the act of consolidation has preserved intact in all the principles and practice of its administration. Kimball v. Cunningham, 201 Ala. 409, 78 South. 787.

However, while we hold that registers of the circuit court are not county officers, within the meaning of section 175 of the Constitution, our judgment, based upon the considerations to which we have adverted, is that they hold office under the protection of section 166 of the Constitution, quoted above, and that so much of section 12 of the Act of September 25, 1915, as purports to make them "subject to removal at the pleasure of the judge by order entered on the minutes of the court," is too broadly expressed. It results that the order purporting to remove respondent from office was made without authority of law, in that no cause for his removal was entered at length—or at all—upon the minutes of the court.

The judgment of the circuit court is reversed, and appellee's petition will be dismissed out of court.

Reversed and rendered.

All the Justices concur.

On Rehearing.

PER CURIAM. Rehearing denied.

McCLELLAN, J. (dissenting in part). Enacting in accordance with the authority conferred by sections 148, 171, of the Constitution of 1901, the Legislature abolished all chancery courts in this state. Gen. Acts 1915, pp. 279, 280. The legislative intent to abolish all chancery courts appears, expressly, in section 5 of the act cited. This action consisted with the authority thus stated in Constitution, § 171:

"The Legislature shall have the power to abolish any court, except the Supreme and the probate courts, whenever its jurisdiction and functions have been conferred upon some other court."

The "jurisdiction and functions" of the chancery courts were conferred, by the cited act of 1915, upon the circuit courts, and

thereupon, by the act cited, the chancery courts were abolished, as declared in section 5 thereof. The obviously sound pronouncement in both Smith v. Stiles, 195 Ala. 107, 70 South. 905, and Osborn v. Henry, 200 Ala. 353, 76 South. 119, was that all chancery courts were abolished by the act cited. The abolition of the chancery courts abolished the theretofore existing constitutional offices and officers called chancellors and registers in chancery. Perkins v. Corbin, 45 Ala. 103; Hawkins, Treas., v. Roberts, 122 Ala. 130, 27 South. 327.

It is only trite to observe that, since the abolition of the chancery courts and the offices of chancellor and register in chancery, no such constitutional offices as chancellor and register in chancery have existed or now exist. The chancellor and the register in chancery mentioned in Constitution, § 166, having had no existence since the abolition effected by the cited act of 1915, no possible repository of the power of removal therein provided, viz. the chancellor, and no possible object, viz. the register, upon whose tenure it might be exercised, have existed since the abolition was thus effected. It results, necessarily, that circuit judges are not chancellors within the purview of Constitution, § 166. The "register of the circuit court," created by section 12 of the Act approved September 25, 1915 (Gen. Acts 1915, pp. 811, 812), is not the register in chancery mentioned in the Constitution (section 166, among others). The register created by the cited act is a purely statutory "county officer." Touart v. State ex rel., 173 Ala. 461, 56 South. 211. If section 12 of the cited act of 1915 provides a term for the "register of the circuit court," a county officer, he is alone removable by impeachment, under Constitution, § 175, for the causes defined in § 173 of the Constitution. Williams v. Swartz, 197 Ala. 40, 72 South. 330, Ann. Cas. 1918D, 869. That section (12) of the act of 1915 (Gen. Acts 1915, pp. 811, 812) prescribes a term for the "register of the circuit court" is clear. The term provided is coincident with that of the circuit judge appointing him. The impairment of the terms of the circuit judges is forbidden by section 155 of the Constitution.

The provision of section 12 of the cited act (Gen. Acts 1915, p. 811), undertaking to authorize the removal of the "register of the circuit court" at the pleasure of the judge, is, hence, in conflict with sections 173 and 175 of the Constitution, and void; impeachment, as therein provided, being the exclusive method for the removal of such "county officers"—a method that assures the "register of the circuit court" a trial pursuant to due course of law. The circuit judge was and is without power, for any cause, to remove the register of the circuit court of Coosa county; he (Batson) having been duly appointed by Circuit Judge Brewer in January, 1917, and entitled, unless removed under sections 173, 175, of the Constitution, to hold and serve in the office of register of that circuit court for the full term of six years.

The decision in Osborn v. Henry, 200 Ala. 353, 76 South. 119, does not, in any respect, invite or justify the view that section 166 of the Constitution applies to the "register of the circuit court," an office created by the cited act of 1915. That case involved the "Jefferson county amendment" to the Constitution, and the interpretation of the local act putting that amendment into operation in Jefferson county only. Instead of Osborn v. Henry, supra, being an authority for affirmance of the action of removal undertaken to be entered below, or for the view that section 166 of the Constitution of 1901 yet authorizes the removal of registers of the circuit courts by the judge, it is a direct ruling to this effect: That the chancery courts, the chancellors and the "registers in chancery" were completely abolished by the act of 1915 (Gen. Acts 1915, pp. 279, 280); necessarily concluding that the "register of the circuit court" is a statutory, not a constitutional, officer, and not subject to the now aborted provisions of section 166 of the Constitution of 1901.

Hence the writer withdraws his concurrence from the opinion delivered on original consideration, and holds that the application for rehearing should be overruled, for the reasons hereinabove stated.

ANDERSON, C. J., and THOMAS, J., concur in the opinion of McCLELLAN, J.