The Court of Appeals has certified the question as to whether section 1558, Code 1907, is in violation of section 175 of the Constitution of 1901, when considered in connection with sections 173 and 60 of the Constitution of 1901. Said section 1558 reads as follows:
 "When any person, holding any office or place under the authority of this state, is sentenced by any court of the United States, of this state, or any state, to imprisonment in the penitentiary, or hard labor for the county, his office or place is vacated from the time of the sentence; and if the judgment is reversed, he must be restored; but if pardoned, he must not."
It is insisted that the office involved in this litigation is a county office, and that such county officers are removable only upon ground of impeachment specified in section 173 of the Constitution of 1901, and only in the manner provided in section 175 of said Constitution, guaranteeing a trial by jury upon the hearing of such impeachment proceedings; that therefore the provisions of said section 1558, supra, are violative of these constitutional provisions.
Counsel have cited numerous cases to the effect that a statute providing for a removal of any of the officers named in these constitutional provisions, in any other manner or for any other cause than therein specified, is invalid as violative of the Constitution, among them. Nolen v. State, 118 Ala. 154, 24 So. 251; Petree v. McMurray, 210 Ala. 639, 98 So. 782; Williams v. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Batson v. Pond, 206 Ala. 317, 89 So. 500; Touart v. State, 173 Ala. 453, 56 So. 211.
In none of these authorities was any question presented involving the application of section 1558, supra. This section is to be considered in connection with section 60 of our Constitution, which reads as follows:
"No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the Legislature, or capable of holding any office of trust or profit in this state."
Said section 1558 is, in our opinion, in harmony with this latter provision of our Constitution, and was enacted to give force and effect thereto. Very clearly, if one who has been convicted of an infamous crime shall not be "capable of holding any office of trust or profit in this state," as plainly provided in section 60, supra, then, manifestly, a statute which provides for the office to be vacated from the time of the sentence, and the restoration to office in the event of a reversal of the judgment, is but a recognition of this constitutional provision, and properly enacted for its more efficient enforcement. Section 175 of the Constitution, dealing with the question of impeachment, preserves to the officer a trial by jury. Section 60 gives recognition to the fact that the officer has been duly tried before a jury and convicted and has "had his day in court." It gives weight to such a conviction, and it was clearly not the intention of the Constitution that, following such conviction, the officer must be formally impeached and again given a jury trial before his removal could be effected. This section recognizes the fact that for the proper *Page 647 
and orderly administration of governmental affairs the officer should not serve who rests under the stigma of conviction for an infamous crime. Section 1558 follows in the wake of this constitutional provision, vacates the offices pending such judgment of conviction, and generously provides a restoration to office immediately upon a reversal of the judgment. Ex parte Diggs,50 Ala. 78.
The case of Finklea v. Farish, 160 Ala. 230,49 So. 366, cited by counsel for appellant, dealt with the meaning of the word "ineligible" in section 1467, Code 1907, and in no manner involved the question here presented.
We are of the opinion section 60 of the Constitution has a field of operation wholly apart from the provisions for impeachment of officers as set out in section 175. The former section deals with a fixed status, giving due recognition to a past conviction for infamous crimes, while the latter looks to a removal of the officer upon prospective trial by a jury. Section 1558 is in harmony with section 60 of the Constitution, and in no wise runs counter to section 175.
We therefore answer in favor of the validity of said section 1558, Code 1907.
 Let this opinion be certified to the Court of Appeals.
ANDERSON, C.J., and SAYRE and MILLER, JJ., concur.
It follows that the action of the lower court in awarding the writ was free from error, and the judgment is affirmed.
Affirmed.