321 So.2d 196

**In re Gloria FORTSON**

**v.**

**Hon. W. G. HAWKINS, Circuit Judge.**

**Ex parte Gloria Fortson.**

**SC 1232.**

Supreme Court of Alabama.

Oct. 2, 1975.

Rehearing Denied Nov. 6, 1975.

Beard & Beard, Guntersville, and John Baker, Rainsville, for petitioner.

Lusk, Swann, Burns & Stivender, Gadsden, for respondent.

MADDOX, Justice.

The question presented is the authority of a Circuit Judge to remove a Register.

Gloria Fortson, petitioner here, was appointed Register of the Circuit Court of DeKalb County by the Honorable John B. Talley in 1971, for a term expiring in January, 1977. After her appointment, the Ninth Circuit was divided and the appointing Judge, Judge Talley, is now serving in another circuit. This controversy developed when the presiding Judge of the Ninth Circuit, the Honorable W. G. Hawkins, entered an order removing petitioner Fortson as Register on March 28, 1975, her removal to be effective April 15, 1975.

Judge Hawkins, in his Order of Removal, cited the following as the cause for removal:

"1. She has paid out fees coming into her office:

    (a) Contrary to law

    (b) Contrary to my instructions

    (c.) Contrary to an opinion of the Attorney General . ."

The facts are not seriously contradicted. The disagreement revolves around the payment by Mrs. Fortson of stenographic fees to the secretary to the District Attorney, for stenographic services rendered in several reciprocal non-support cases.

Under the provisions of Title 34, Section 119(b) [1] Judge Hawkins had ordered the State of Alabama to pay certain fees and costs in some reciprocal non-support cases. The stenographic fees now in dispute were paid by the State of Alabama to the Register, who in turn paid these stenographic fees to the District Attorney's secretary who had actually done the stenographic work. Judge Hawkins told her that "it was my opinion" that the stenographer's fees should be paid to the county, pursuant to Title 1, Section 16, Code. [2] Hence, a dispute arose.

An attorney general's opinion, dated November 14, 1972, had stated that "[t]he fees for stenographic services of the attorney for the plaintiff, here the District Attorney, are not a part of the Solicitor's Fund, but belong, in my opinion, to the attorney for the plaintiff who performs or has this service performed." Mrs. Fortson relied on this opinion. The District Attorney's secretary had actually done the stenographic work in the reciprocal non-support cases.

Judge Hawkins asked for and received from the Attorney General an opinion in February, 1975, which he claims supports his position that the stenographic fees in reciprocal non-support cases must go to the county when the Register is salaried, as Mrs. Fortson was. The 1975 opinion of the Attorney General, written in answer to a letter from Judge Hawkins, seems to conflict with the earlier opinion of the Attorney General. The latest opinion stated, in part:

"Therefore, since the Register of the Chancery Court in DeKalb County is a salaried official, it is my opinion that Title 1, Section 16, supra, would apply to all fees collected by the Register of the Chancery Court whether they be pursuant to Title 34, Section 119(6)[b], Code of Alabama 1940, Recompiled 1958, which is mentioned in your letter, or any other statute requiring collection of fees by a register found in the code."

It should be pointed out, however, that the assistant Attorney General who drafted the latest opinion of the Attorney General testified at the hearing before Judge Hawkins that he did not mean to include "stenographic fees" as one of the fees which the Register should pay to the county. In fact, he was of the opinion that the stenographic fees should go to the person who did the work. In other words, he agreed with Mrs. Fortson.

---

1. "A court of this state acting either as an initiating or responding state may in its discretion direct that any part of or all fees and costs incurred in this state, including without limitation by enumeration, fees for filing, service of process, seizure of property, and stenographic service of both petitioner and respondent, or either, shall be paid by the state. Where the action is brought by or through the state or any agency thereof there shall be no filing fee. Security for costs may or may not be required when the petition is filed by or on behalf of a nonresident dependent, as the court may in its discretion direct."

2. "In all counties and cities where officials are paid on a salary basis instead of a fee basis, all fees required under the terms of this Code to be paid to or collected by such officials shall by said officials be paid into the treasury of the county or municipality or to the official performing the duties of county treasurer or municipal treasurer except as otherwise provided by law."

■ Was Judge Hawkins legally correct in believing that the stenographic fees should be paid to the county? We think not. Title 1, Section 16, does provide that "all fees required under the terms of this Code to be paid to or collected by such officials shall by said officials be paid into the treasury of the county." But did the Legislature intend for the statute to provide that *every fee* collected by the register should be paid to the county? We think not. It would appear that Title 1, Section 16 was designed to require the registers on salaries to pay any fees which they would have received had they been on a "fee basis" into the county treasury. For example, in counties where the registers are on a "fee" basis, does the register get to keep the "stenographic fee" or does he pay it to the attorney who performs or has the stenographic service performed?

Consider this fact situation. The sheriff of a county is on a "fee" basis, but the register is on a salary, and the sheriff serves papers in a reciprocal non-support case. Does the sheriff lose his fee for serving the papers and does it go to the county treasury? We believe not.

During the hearing before Judge Hawkins, the assistant Attorney General who had prepared the latest Attorney General's opinion, testified that it was his belief that several kinds of fees collected by the Register were not to be paid to the county. These include stenographic fees, attorney's fees, and guardian ad litem fees. We would agree with this observation. We do not think the Legislature intended that result, and consequently, we cannot uphold Judge Hawkins in removing Mrs. Fortson from office.

Having answered the main question, we consider it unnecessary to determine other points raised by Mrs. Fortson, viz: whether Mrs. Fortson's actions were "cause" for her removal; whether Judge Hawkins could remove her since he did not appoint her; whether the record shows that Judge Hawkins ever ordered or instructed Mrs. Fortson to pay the fees into the county treasury; or whether Mrs. Fortson was accorded due process of law.

Judge Hawkins argues that Mrs. Fortson did not assign any errors on the record until one day before oral argument. This is true, but we decline to dismiss the petition. Mrs. Fortson filed an *original petition* in this Court seeking to have this Court review Judge Hawkins' order removing her as Register. This Court ordered Judge Hawkins to file in this Court a transcript of the record and the proceedings in the matter, and stayed his Order of Removal pending a final determination of the cause.

■ Even though this Court has held that the Rules of Practice apply to all petitions for extraordinary writs [*Ex parte NAACP,* 268 Ala. 504, 109 So.2d 140 (1959)] the requirement of Rule 1 that assignments of error must be made is inappropriate to an original petition for a remedial writ. An assignment of error in an appellate court performs the same office in all material respects as the initial pleading in a court of original jurisdiction. *Wetzel v. Hobbs,* 249 Ala. 434, 31 So.2d 639. Here, the original petition constituted the pleading, and the original petition clearly and concisely stated the errors allegedly made by the trial court. Furthermore, this Court permitted the petitioner to write her assignment of error into the record prior to submission. We reserved ruling on the question at that time. Consequently, we are of the opinion that the petition should not be dismissed.

The Order of Removal entered by the Honorable W. G. Hawkins is reversed and the cause is rendered.

Motion to dismiss denied; reversed and rendered.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.