PER CURIAM.
Carol Kiker, the register of the 26th Judicial Circuit, petitions this Court for a writ of mandamus or prohibition directed to the Honorable Paul J. Miller, Jr., the presiding judge of the 26th Circuit. Judge Miller ordered Mrs. Kiker to appear before him
“to show cause why Case Nos. DR-92-190 and DR-89-268-01 were not processed in accordance with standard procedures in setting up files, setting trial/hearing dates, assigning files to the proper court and Judge in accordance with procedures followed in similar and like cases and to further show cause why you should not be removed from office. You have the right to be represented at said hearing by an attorney of your choosing, subpoena witnesses on your behalf, cross-examine any witnesses of the Court and offer any evidence you may deem proper and which is admissible. The Alabama Rules of Civil Procedure will apply at said hearing.”
*455 Judge Miller also ordered subpoenas to issue to five persons to appear as witnesses.
Mrs. Kiker made a suggestion of recusal, but Judge Miller refused to recuse himself. Pursuant to the district attorney’s request, an assistant attorney general, Donald G. Valeska II, was appointed to conduct the proceedings.[1] Mrs. Kiker filed a notice of taking depositions of three of the witnesses named in the order to show cause, but Mr. Valeska filed a motion to quash the notice of taking depositions. Judge Miller granted the motion to quash. Mrs. Kiker filed this petition, requesting this Court to order Judge Miller to recuse himself and to enter an order permitting discovery to go forward.
The position of register was abolished by the Judicial Article Implementation Act, Ala.Acts 1975, No. 1205, § 7-109, with sitting registers allowed to remain in office under specified conditions. That provision is codified at Ala.Code 1975, § 12-17-110:
“§ 12-17-110. Office of register not to be filled when vacancy occurs; reappointment of registers holding office on October 10, 1975; removal of registers.
“(a) Vacancies. When the position of register in any circuit court becomes vacant upon the death, resignation, retirement or inability of the incumbent to satisfy the conditions for reappointment specified in subsection (b) of this section, the vacancy shall not be filled, and the responsibilities and authority of the register shall become the responsibilities and authority of the clerk of the circuit court for the county where the register served.
“(b) Reappointment. A register who:
“(1) Holds office on October 10, 1975, and
“(2) Is not eligible to retire and receive retirement compensation by reason of age and years of service or by provision of any retirement program in effect on January 17, 1977, may be reappointed for terms of six years, but no register shall be reappointed after completion of any term during which he becomes eligible to retire and receive retirement compensation; provided, that a register who becomes eligible to retire during a term shall be eligible to reappointment by the presiding judge of his circuit for not more than six additional terms of one year each; and provided further, that until such time as the register becomes eligible to retire and receive retirement compensation, reappointment shall be automatic unless a majority of the circuit judges within the circuit, or by unanimous agreement where there are only two circuit judges, file a written declaration with the administrative director of courts stating that the register shall not be reappointed. At such time, the' office shall be deemed vacant under subsection (a) of this section.
“(c) Removal. The register shall be subject to removal by the judge who appointed him for cause by order to be entered at length on the minutes of the court.”
Mrs. Kiker was appointed on October 3, 1975, and was reappointed in 1982 and 1988. During the summer of 1992, two domestic relations cases were filed in which her son and her stepson were parties. These are the cases referenced in the show cause order as quoted above. We see no need to detail the circumstances and allegations shown in the materials submitted in support of and in opposition to the petition before us. Mrs. Kiker asserts that Judge Miller is biased against her and has expressed, both in public and in writing to her, fixed opinions that she has improperly executed her office. It is on this basis that she seeks Judge Miller’s recusal.
A petition for a writ of mandamus is the proper means to seek review of a ruling on a suggestion of recusal. Ex parte Melof 553 So.2d 554, 555 (Ala.1989). Mrs. Kiker argues that she is entitled to an impartial decision-maker for a determination of whether she is subject to removal for cause.
*456 As we read § 12-17-110(c), Judge Miller is empowered to dismiss Mrs. Kiker for cause simply by entering on the minutes his basis for doing so.[2] “The register shall be subject to removal by the judge who appointed him for cause by order to be entered at length on the minutes of the court.” Nothing in this provision requires Judge Miller even to hold a hearing, so the order to show cause grants her more rights than she is entitled to by statute. If Judge Miller had simply entered on the minutes a recitation of the facts that had come to his attention, she would have had no opportunity to suggest his recusal.[3] Therefore, we can see no basis for requiring him to re-cuse himself from the hearing that he has provided over and above the statutory requirement.
In this matter, Judge Miller is acting administratively under § 12-17-110(c) and under his duty, as presiding circuit judge, “to exercise a general supervision of the judges, clerks, registers, ... and other court employees of the circuit and district courts within the circuit ... and see that they attend strictly to the prompt, diligent discharge of their duties.” Ala.Code 1975, § 12-17-24. An administrative act in the exercise of such supervision does not involve a “proceeding” as to which the disqualification standards of Canon 3 C. apply. Canons of Judicial Ethics, Canon 3 C. Therefore, Judge Miller is not required in this matter to meet the standards of impartiality set out in Canon 3 C.; cf. Canon 3 B., regarding a judge’s administrative responsibilities.
Regarding the request for discovery, we see no basis for granting the petition for the writ of mandamus. As we said above, Judge Miller is not required by statute to hold a show cause hearing. He does not have to allow discovery simply because he has granted Mrs. Kiker the opportunity to present her case in such a hearing. Furthermore, the fact that he stated in the show cause order that the Rules of Civil Procedure would apply “at said hearing” does not mean that she is entitled to pre-hearing discovery.
Because Mrs. Kiker has not shown a clear right to an order requiring Judge Miller’s recusal or requiring that he allow discovery, her petition for a writ of mandamus is denied.
WRIT DENIED.
ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. In his request to the attorney general, the district attorney recited that he was a close personal friend of Mrs. Kiker and that one of the witnesses was an assistant district attorney.

. Two judges serve the 26th Judicial Circuit. The materials before us include an affidavit of the other judge, the Honorable Wayne T. Johnson, in which Judge Johnson states that he views "the overall supervision of the Register and other administrative functions of this Circuit as within the responsibilities of the Presiding Judge,” Judge Miller.

. In both Batson v. State ex rel. Pond, 206 Ala. 317, 89 So. 500 (1921), and Fortson v. Hawkins, 294 Ala. 718, 321 So.2d 196 (1975), this Court overturned decisions to remove registers, so Mrs. Kiker is protected from removal for insufficient cause.