This is an appeal by the husband from a judgment requiring him to pay arrearages for alimony and child support and denial of modification petition.
The wife filed a petition for rule nisi and modification of the original divorce decree on November 9, 1978. The husband filed a motion for the judge to recuse himself on January 3, 1979. The wife filed objections to this motion and the trial court denied the motion to recuse on January 4, 1979.
Thereafter the husband filed an answer to the wife's petition and a counterclaim for modification of the original divorce decree. The trial court held a hearing on the wife's petition and the husband's counterclaim on April 11, 1979. The trial court denied either party modification of the divorce decree *Page 55 
and ordered the husband to pay arrearages of $3,900.00 and to pay $1,500 to the wife for attorney fees.
The husband's primary contention on appeal is that the trial judge erred to reversal in failing to recuse himself from the case at bar. The husband argues that there was a clear appearance of bias and prejudice on the part of the trial judge. We disagree.
Canon 3C (1) of the Alabama Canons of Judicial Ethics provides in pertinent part:
 A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 (a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
Recusal is required where facts are shown which make it reasonable for members of the public, or party, or counsel opposed to question the impartiality of the judge. Wallace v.Wallace, Ala.Civ.App., 352 So.2d 1376 (1977). However, recusal is not required by mere accusation of bias unsupported by substantial fact. Taylor v. Taylor, Ala.Civ.App., 359 So.2d 395
(1978).
In the instant case the only reason offered by the husband for the appearance of partiality on the part of the trial judge was based on alleged political differences between the husband and the trial judge. The husband contends that his support of a certain candidate for judge of the United States District Court for the Northern District of Alabama, for which position the trial judge in the instant case was also a candidate, led to political antagonism between the parties, and as a result the trial judge is prejudiced against him and in favor of the plaintiff. The plaintiff replied that she had never met nor was she acquainted with the trial judge.
We consider the evidence insufficient to support the contention that the trial judge was biased against the defendant. Consequently we do not believe that the trial judge's impartiality can reasonably be questioned. Therefore we hold that the trial judge did not act improperly in refusing to recuse himself from the case at bar.
The husband further contends that the trial judge should have recused himself under Canon 3C (1) because he had personal knowledge of disputed evidentiary facts concerning the present case. In support of this contention, the husband says that someone told him that the trial judge made a statement to the effect that if the husband "could make a substantial contribution to . . . Wallace's Senatorial Campaign [he] should continue his support payments." Again, we deem such evidence to be insufficient to warrant recusal of the trial judge.
The husband also argues that the trial court erred in failing to give him credit for social security payments made to the children because of his disability. As previously noted, the trial court heard argument in the present case on April 11, 1979. The husband testified at this hearing that each of his children would receive $74.08 per month in social security payments because of disability on his part. The payments were to begin in May of 1979.
Since the question of arrearages is not an issue on this appeal, our only concern is whether the trial court erred in not considering the social security payments to be made to the children because of the husband's disability when it refused the husband's request for modification of the child support award. See Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726
(1976).
First, we would point out that at the time of the modification hearing, i.e. April 11, 1979 no disability payments had been made to the children; therefore, the trial court could not have committed error in failing to consider an event that had not happened. Second, we note that the trial court did not say whether it did or did not consider the future social security disability payments to the children in denying the defendant's request for modification; it merely said that it based its decision on the "law and facts." *Page 56 
Part of the evidence in this case is the fact that the children will begin receiving social security benefits in the future; therefore we would have no problem in saying that the trial court did consider these payments in deciding the modification request because this "fact" was part of the evidence in the case. Third, if the trial court did consider the future social security payments to the children in deciding to deny the modification petition, we cannot say that such decision was plainly and palpably wrong. Murphree v. Murphree, Ala.Civ.App., 366 So.2d 1132 (1979). As previously stated, the trial court based its decree on the "facts" of the case and we cannot say that those facts do not support the trial court's decision.
For the reasons above set out, we do not find that the trial court erred in denying the husband's petition for modification.
The wife's request that she be given an attorney's fee on appeal is granted, and she is awarded $500 as a reasonable fee for her counsel's services.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.