The primary problem on appeal is whether the trial judge should have recused himself as to hearing and deciding issues in postdivorce litigation.
The financially affluent marriage of the parties was dissolved by their divorce in October 1984 after protracted litigation. No appeal was taken from that judgment, but both parties sought enforcement, amendment, and/or clarification of various provisions of the divorce decree.
Mr. Bolton was a member of the law firm which represented the husband throughout this domestic relations case, but he was not one of the husband's trial attorneys. When the wife's counsel learned for the first time that Judge Enfinger, the trial judge, and Mr. Bolton were close business associates, he filed a motion on behalf of the wife that the judge recuse himself as to the pending post-divorce issues because of the business relationships of the judge and Mr. Bolton.
Judge Enfinger disclosed certain facts to the wife's attorney on the day before the hearing of the wife's motion. The judge detailed his business relationships with Mr. Bolton in open court at the hearing.
Judge Enfinger and his father, Mr. Bolton and his father, and two other individuals are the six equal stockholders in a closed corporation which purchased two hundred and fifteen acres of timberland at *Page 1189 
$625 per acre, a total of $134,375. The judge was an incorporator of that corporation and thinks that he is either secretary or treasurer and a member of its board of directors. However, he has attended no corporate meetings. The purchase price for the land is being paid by the stockholders, apparently from their own funds on an installment basis, with the stockholders being jointly and severally obligated therefor. That debt is current as to principal, interest, and taxes. The land is being offered for sale at between $1,000 and $1,200 per acre. If it sells for the higher figure, the total sale price would be $258,000, and each stockholder would apparently realize a gross profit of around $20,000.
Judge Enfinger and Mr. Bolton are evidently the only incorporators and stockholders in a corporation which owns, operates, maintains, and rents a charter boat. The two individuals are financially responsible for payments upon the boat. That corporation has been involved in litigation.
Mr. Bolton was authorized by the judge to accept service on his behalf when the judge was sued in a federal court for personal injuries, and Mr. Bolton had previously made several phone calls on the judge's behalf as to that matter. However, Mr. Bolton did not represent the judge in that litigation. Mr. Bolton is not the judge's personal attorney but they are close personal friends.
The motion to recuse was overruled, testimony upon the merits of the litigated matters was heard ore tenus, a final judgment was issued, and the wife duly appealed.
Recusal is required under Canon 3 C(1) of the Alabama Canons of Judicial Ethics when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a trial judge, but recusal is not required by mere accusations without proof of supporting facts. Acromag-Viking v. Blalock, 420 So.2d 60 (Ala. 1982); Miller v. Miller, 385 So.2d 54 (Ala.Civ.App. 1980). The test under that canon is: "`Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?'" In the Matter of Sheffield,465 So.2d 350, 356 (Ala. 1984) (citation omitted).
Able counsel for the husband argues that Canon 5 C (1) and (2) authorize a judge to hold and manage investments, including real estate, and that Judge Enfinger's business dealings with Mr. Bolton did not reflect adversely upon his impartiality. Reliance is had upon opinions of the Judicial Inquiry Commission that the joint ownership of real estate by a judge and a practicing attorney, whereby shared monthly mortgage payments are made by them, does not prevent the trial judge from hearing cases filed by the attorney. J.I.C. Advisory Opinion 83-198; J.I.C. Advisory Opinion 81-116.
A judge's hearing of a matter whereby a party is represented by an attorney, or the law firm of an attorney, who jointly owns land with the trial judge is not a violation per se of Canon 3 C (1). That canon must be read, considered, and applied along with Canon 5 C (1) and (2). However, if other circumstances are added to the simple joint ownership of land by a judge and an attorney, it might appear to a reasonable person that the judge could not be impartial, and a recusal would be required.
 "Finally, we recognize that the reasonable person/appearance of impropriety test, as now articulated in Canon 3 C (1), in the words of the Supreme Court of the United States, may `sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.' In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). As stated in Canon 1 of the Code of Judicial Ethics, `An independent and honorable judiciary is indispensable to justice in our society,' and this requires avoiding all appearance
of impropriety, even to the point of resolving all reasonable doubt in favor of recusal."
Sheffield, 465 So.2d at 357.
In this case the evidence does not support a finding of any actual bias or prejudice *Page 1190 
on Judge Enfinger's part. However, Canon 3 C (1) mandated the judge's recusal because the total facts known to the judge were such that a reasonable person could reasonably question the judge's impartiality.
Learned counsel for the husband contends that the error without injury doctrine applies. We disagree. If the judgment which was rendered upon the merits of the post-divorce litigation were the only lawfully correct decision that could have been reached as to those issues, the doctrine might apply, but in this case judicial discretion had to be employed by the trial judge. The parties were entitled to have such discretion exercised by a trial judge who was not tainted by the appearance of partiality.
The wife made a motion that the trial judge recuse himself. The trial court erred in not granting that motion. Accordingly, we must reverse and remand this matter.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., not sitting.