This case comes before us by a petition for writ of mandamus. The petitioners filed a class action on behalf of themselves and other Alabama taxpayers against Governor Guy Hunt, Revenue Commissioner James Sizemore, and State Treasurer George C. Wallace, Jr. The Melof complaint sought class certification on behalf of recipients of retirement benefits who have been subject to or who have paid state income tax on such benefits. The class includes former employees of local governments and private corporations. Further, the Melof complaint alleges that the Governor and the Commissioner have controlled and supervised a state income tax assessment program that allows unconstitutional exemptions for several classes of retirement income recipients. They allege that this violates the Fourteenth Amendment's equal protection clause, which, they contend, requires that all retirement benefits be taxed equally.
Four separate complaints (including the Melof complaint) were filed. Three of those actions were consolidated by Judge Mark Montiel. All of the complaints allege claims similar to those of the petitioners in this case and include those persons receiving military or non-civil service federal retirement benefits. The complaints diverge *Page 555 
in their constitutional claims forming the basis for each complaint.
The Melof petitioners, upon filing their motion for consolidation, also filed a motion for recusal with the trial judge. As indicated above, the motion for consolidation was granted and the petitioners' action was consolidated with two other similar actions by Judge Montiel, but the motion for recusal was denied. The petitioners contend that Judge Montiel's "service as head of Governor Hunt's legal team" at the time when policies that are the subject matter of the litigation were formed, "combined with the fact that he was appointed by Governor Hunt approximately three months prior to the initiation of this litigation," should disqualify him from sitting as a judge in these cases.
The petitioners seek a writ that would require the immediate recusal of Judge Montiel. In support of their petition, the petitioners make the following allegations:
 1. Judge Montiel was appointed assistant legal advisor by Governor Hunt on March 17, 1987. He was elevated to legal advisor on October 19, 1988, also by Governor Hunt.
 2. A press release of December 22, 1988, by Governor Hunt notes that Montiel has "been very valuable to me as my legal advisor." During Montiel's tenure as legal advisor, Governor Hunt received from the Advisory Committee on Tax Reform a status report which noted that the Governor had directed an evaluation to determine if the state tax system was "fair and equitable." Also during Montiel's tenure as legal advisor, the State entered into contracts with three private law firms "to assist the Alabama Department of Revenue in preparing tax reform proposals in restructuring of Alabama taxing statutes and related constitutional provisions."
 3. During Montiel's tenure as legal advisor to the Governor, his obligation to the Governor and his cabinet was to advise them on political issues and broad public policy issues, as well as on legal issues. The exact legal issue that is the focus of this litigation arises out of the official policy formulated by the Governor and the Commissioner when Montiel was legal advisor.
 4. Montiel was appointed Circuit Judge for Montgomery County on January 17, 1989, by Governor Hunt. He has denied petitioner's motion to recuse, stating that "the present matter in controversy was not pending during the period" when he was providing legal advice to the Governor.
The petitioners have also filed an application for stay, a request for oral argument, and a brief in support of the petition and a substantial appendix thereto. This Court granted the stay on July 24, 1989. The defendants, Governor Hunt and Commissioner Sizemore, have responded to the petition. One of the three other classes, referred to as the Rinehart class, has responded to the petition and has filed a motion in opposition to the petition for writ of mandamus (the Governor and Commissioner joined the Rinehart class in their response as to the facts and the memorandum of law). The facts asserted by the Rinehart class in its response were disputed by the petitioners.
The response filed by the Governor, the Commissioner, and the Rinehart class deny that Judge Montiel, during his term as legal advisor to Governor Hunt, was responsible for formulating the policies that are the subject of this litigation. Further, these parties assert that the petitioners have failed to show any connection between the Judge and the formulation of those policies. It is important to note that neither of the two other classes involved in these actions, nor the defendants, join in the Melof motion for disqualification or recusal. When questioned at the hearing on the motion for recusal, each of those parties either had no position or was opposed to recusal.
Mandamus is the proper method by which to review whether recusal is required. Ex parte Hill, 508 So.2d 269
(Ala.Civ.App. 1987). A writ of mandamus should be granted only where there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary *Page 556 
or capricious manner. Ex parte Rives, 511 So.2d 514
(Ala.Civ.App. 1986), citing Ross v. Luton, 456 So.2d 249 (Ala. 1984).
This Court has previously set out the requirements for mandamus:
 "We note at the outset that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review the exercise of discretion except in a case of abuse."
Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala. 1989);citing Ex parte Edgar, 543 So.2d 682 (Ala. 1989).
Canon 3(C), Canons of Judicial Ethics, sets forth the following guidelines with respect to disqualification of a judge:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy. . . ."
These are not merely guidelines, but have the force and effect of law. In re Sheffield, 465 So.2d 350, 355 (Ala. 1984); citingWallace v. Wallace, 352 So.2d 1376, 1378 n. 1 (Ala.Civ.App. 1977).
Judge Montiel, upon entering office, requested an opinion of the Judicial Inquiry Commission regarding recusal. He requested the opinion so that he would have clear rules to guide him in his capacity as a judge, in light of his prior position as legal advisor to the Governor. The Judicial Inquiry Commission on April 4, 1989, stated the following:
 "[I]t is the opinion of the Commission that the Judge's previous employment as the Governor's Legal Advisor causes the Judge's disqualification only in those proceedings pending during the time of the Judge's service as Legal Advisor, whether or not the Judge actually participated by advising or representing the Governor. The judge is not disqualified from sitting in proceedings which arise after he assumed the bench so long as he has no personal bias or prejudice concerning the parties and he has no knowledge of the facts or considerations made in the Governor's office concerning the facts or legal issues considered as to the matter.
Judge Montiel stated at the hearing on the recusal motion that he had proceeded in these cases in accordance with that opinion. The petitioners have not proved that Judge Montiel had any personal knowledge of, or involvement with, this particular area of the law while he was acting as legal advisor. The evidence before us simply shows attempts during that period to change various tax laws generally. Any legislative attempts to change the present taxation scheme in Alabama would have no bearing on the propriety of Judge Montiel's hearing these cases contesting the constitutionality of the present taxation statutes. The evidence presented to this Court shows that the proposals made to the legislature by the tax reform committee suggested reform in many areas of state taxation. The evidence does not show, however, that these proposals addressed the constitutionality of the existing statutory scheme, nor that Judge Montiel was involved in these proposals. Should Judge Montiel be required to recuse himself merely because he was an employee of Governor Hunt when various proposals were made to change various statutes throughout the State? If so, Judge Montiel would be required to recuse himself in every civil or criminal case involving a statute in which there had been a proposed change suggested by the Governor's office. This argument, as advanced by the petitioners, lacks merit.
The petitioners allege by affidavit that a meeting occurred at the Governor's beach *Page 557 
mansion, concerning the issues raised in the complaint. The affidavit was amended to state that Judge Montiel wasnot present at that meeting. An affidavit was also submitted describing the duties of a governor's legal advisor. This affidavit provides no direct evidence showing that Judge Montiel had any knowledge of the issues raised in the complaint, but provides evidence only as to the general duties of a legal advisor to a different governor.
"Recusal is required . . . when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a trial judge." (Citations omitted.) Bryars v. Bryars, 485 So.2d 1187
(Ala.Civ.App. 1986). However, a mere accusation of bias that isunsupported by substantial fact does not require thedisqualification of a judge, Id. at 1189; Ex parte Balogun,516 So.2d 606, 609 (Ala. 1987); Medical Arts Clinic v. Henry,484 So.2d 385 (Ala. 1986); Ross v. Luton, 456 So.2d 249 (Ala. 1984). The test is whether a " 'person of ordinary prudence in the judge's position knowing all of the facts known to thejudge find[s] that there is a reasonable basis for questioningthe judge's impartiality.' " (emphasis added). In re Sheffield,465 So.2d 350, 356 (Ala. 1984), quoting Thode, The Code ofJudicial Conduct — The First Five Years in the Courts, 1977 Utah L.Rev. 395, 402. The judge's statements at the recusal hearing and the lack of any factual support show that the judge does not have sufficient knowledge of the facts and issues in this case for there to be a reasonable basis for questioning his impartiality.
In Bryars v. Bryars, supra, the Court of Civil Appeals required recusal because of the trial judge's business relationship with a member of the law firm of one of the party's attorneys. Relying on In re Sheffield, supra, the court determined that while "[i]n this case the evidence does not support a finding of any actual bias or prejudice on [the trial judge's] part. . . . Canon 3 C(1) mandate[s] the judge's recusal because the total facts known to the judge were such that a reasonable person could reasonably question the judge's impartiality." Id. at 1189-90.
The facts considered by this Court in In re Sheffield were such as to show that the trial judge clearly violated Canon 3 C(1) when he did not recuse himself from presiding over a contempt hearing. An angry letter had been written to the editor of a local newspaper criticizing the judge's actions in a previous matter. The trial judge found the author of the letter in contempt, yet the next day withdrew his order. The judge had been requested to recuse himself, but he failed to do so.
The burden is on the party seeking recusal to present evidence establishing the existence of bias or prejudice.Otwell v. Bryant, 497 So.2d 111, 119 (Ala. 1986). Prejudice on the part of a judge is not presumed. Hartman v. Board ofTrustees, 436 So.2d 837 (Ala. 1983); Duncan v. Sherrill,341 So.2d 946 (Ala. 1977); Ex parte Rives, 511 So.2d 514, 517
(Ala.Civ.App. 1986). " '[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.' " Ex parte Balogun, 516 So.2d 606, 609
(Ala. 1987), quoting Fulton v. Longshore, 156 Ala. 611,46 So. 989 (1908). Any disqualifying prejudice or bias as to a party must be of a personal nature and must stem from an extrajudicial source. Hartman v. Board of Trustees of theUniversity of Alabama, 436 So.2d 837 (Ala. 1983); Reach v.Reach, 378 So.2d 1115 (Ala.Civ.App. 1979). Thus,
 " '[T]he disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character, calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity.' "
Ross v. Luton, 456 So.2d at 254, quoting Duncan v. Sherrill,341 So.2d 946, 947 (Ala. 1977), quoting 48 C.J.S. Judges § 82(b).
The petitioners have failed to meet their burden with respect to recusal. The *Page 558 
evidence presented to this Court consists of mere accusations unsupported by substantial fact. The main evidence presented by the petitioners is that Judge Montiel was Governor Hunt's legal advisor; that evidence is insufficient. See Hargress v. City ofMontgomery, 479 So.2d 1137, 1141-42 (Ala. 1985). The petitioners have shown no personal prejudice or bias to support recusal. There "must be a factual disqualification, as distinguished from the notions of a particular litigant, that he would fare better before another judge." Walker v. State,358 So.2d 800, 804 (Ala.Crim.App. 1978). The laws claimed by the petitioners to be unconstitutional were enacted years before Judge Montiel became legal advisor to Governor Hunt, and even years before Hunt was elected Governor. The issues involved in this action were not pending on January 17, 1989, when Judge Montiel was appointed. The evidence shows that the judge did not provide legal advice to the Governor on these issues. See Jacobs v. State, 343 So.2d 1243 (Ala.Crim.App. 1977) (Tyson, J., concurring specially).
The evidence shows that Judge Montiel has no reservations regarding recusing himself when an appropriate case arises. The evidence before us shows that he has disqualified himself from a case where he had provided legal advice, even of a limited nature, to the Governor and the finance director. There is no cause shown for recusal in the present case.
The petition for the writ of mandamus is due to be, and it is hereby, denied. The stay is due to be dissolved.
STAY DISSOLVED; WRIT DENIED.
MADDOX, ADAMS, STEAGALL and KENNEDY, JJ., concur.