MADDOX, Justice.
These consolidated appeals from a probate court arise out of a dispute between the executor of the estate of a non compos mentis and the guardian of the non compos mentis, relating to the guardian’s handling of her estate during her lifetime.
In the first appeal, 88-1384, Harold Humphries, the executor under the will of Earlda Humphries, the non compos mentis, appeals from a judgment entered by the probate judge upon the final settlement of Ms. Humphries’s estate by the guardian, Robert Lynch. The executor makes several claims of error, including the following: 1) that the probate judge should not have permitted, the guardian to pay another to assist him in preparing an inventory of the ward’s property; 2) that the court erred in allowing the guardian to be reimbursed from the estate for claimed expenses; and 3) that the probate judge should not have allowed the guardian commissions and attorney fees at a partial settlement of the ward’s estate.
The contested final settlement hearing was held on March 30 and 31,1989, and the probate court entered its judgment of final settlement on May 9, 1989. The executor’s motion for a new trial was denied by the court on June 8, 1989, and the executor gave notice of appeal on July 7,1989. That appeal was docketed as 88-1384. While that appeal was pending, the executor “dis *614 covered” that the trial judge and the guardian’s attorney had both been shareholders in Macon County Greyhound Park, Inc., at the time of the final settlement. Being of the opinion that this disqualified the trial judge, the executor filed a motion with this Court for leave to file a Rule 60(b), A.R.Civ.P., motion with the trial court to raise this question. This Court granted the request, and subsequent proceedings were conducted in Macon County on the Rule 60(b) motion to set aside the judgment on the grounds that the judge should have recused himself from this case. The probate court denied that motion and its denial is the basis for the second appeal, 89-1213.
These cases arise from the following facts:
On July 31, 1984, the Probate Court of Macon County found Ms. Earlda Hum-phries to be a person of unsound mind and appointed Robert Lynch as her guardian. Lynch was her guardian until her death on December 16, 1987. After conducting an inventory of his ward’s property, Lynch sold her personal property and her home, and on January 23, 1985, he petitioned the probate court for his earned commission as of that date. In addition, Lynch filed partial settlements on three separate occasions. Although a guardian ad litem was not appointed to represent the ward’s interest at the hearing concerning the guardian’s earned commission in connection with the sale of the ward’s property, a guardian ad litem was appointed for her at each of the three partial settlement hearings, and the guardian ad litem representing the ward at the first partial settlement hearing did review and approve the earned commission payment that had been awarded to Lynch in connection with the sale of her property. At the final settlement hearing, the probate judge reviewed all of the partial settlement hearings and all of the accounts kept by Lynch between the date of the last partial settlement hearing and the date of Ms. Humphries’s death. In addition, he reviewed the itemized reimbursement expenses claimed by Lynch from the date of his appointment to the date of Ms. Humphries’s death, and he heard testimony from Lynch concerning these expenses. After his review of Lynch’s accounting, the probate judge allowed the expenses to be claimed against the ward’s estate.
After a hearing on the Rule 60(b) motion, the judge denied it, finding that there was no reason for him to have recused himself based on the fact that he was a stockholder in the same company as the attorney for the guardian. The probate judge, on the record, stated that he did not know the attorney personally and had never had any dealings with him.
At the outset, we note that it is a well-settled principle of law that the findings of the probate court based on an examination of witnesses ore terms are presumed to be correct and will not be disturbed on appeal unless the findings are plainly and palpably erroneous. Lawshe v. Seals, 443 So.2d 1249 (Ala.Civ.App.1983); State Department of Pensions & Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978). After the final settlement hearing in this case, the probate court stated in its judgment:
“... It further appearing to the Court that all of the parties are present in Court in person and are represented by their respective counsel of record and the Court has reviewed all of the files in this proceeding from the date of the appointment of the Guardian to date, has reviewed all of the evidence and exhibits that have been introduced in evidence and [has] observed the demeanor of the witnesses and listened to them and has considered all of the legal and relevant evidence. The Court has also reexamined all of the partial settlements heretofore rendered and [has] reviewed all of the prior Orders of this Court heretofore entered. The Court has also reviewed itemized reimbursement expenses claimed by the Guardian and finds that each item for services is fair, reasonable and is hereby allowed....”
Code 1975, § 26-5-6, provides:
“Upon the final settlement, a partial settlement must be taken and presumed as correct, but any item of the account may *615 be reexamined and, if, on reexamination, it is found incorrect, the item must be disallowed or allowed only so far as correctness may appear.”
I
The executor first claims that the guardian improperly hired someone to assist him in performing an inventory of the ward’s estate. Under Code 1975, § 26-4-2, a guardian is required to make and file an inventory of his ward’s estate. The executor asserts that this section requires the guardian to prepare and file this inventory without aid. He contends that it is a duty of the guardian to make the inventory and that if assistance is required the guardian must pay for such assistance out of his earned commission.
Although the filing of an inventory is a duty of the guardian, we can find no rule of law that prevents a guardian from obtaining assistance in preparing this inventory and listing the cost of the assistance as an expense of the estate of the ward. Consequently, we hold that the probate judge did not err in allowing this expense against the ward’s estate.
II
The executor next asserts that the probate court erred in allowing the guardian credit for actual expenses and for special or extraordinary services rendered to the estate. At the final settlement hearing, the executor contested all of the vouchers and other items on the guardian’s account. The probate court found that most of the vouchers for reimbursement expenses were fair and reasonable, and allowed the guardian to be reimbursed for them. We have examined the record, and we conclude that the executor has not shown that the probate judge was plainly and palpably wrong in making this finding. All of the records, some of them minutely detailed, concerning the expenses incurred by the guardian, are in the record, and we find that there was sufficient evidence before the probate judge for him to conclude that these expenses were allowable under the law.[1]
Ill
As his third contention, the executor claims that the probate court improperly credited the guardian with a guardian’s commission and attorney fees that were awarded in an order dated January 23, 1985. The guardian had petitioned the court for a commission and attorney fees and had supplied vouchers in support of these claims. The court held a hearing on the petition, after which it awarded the guardian a commission and attorney fees.
Although the law permits a subsequent inquiry into the correctness of an accounting,[2] we do not find that the probate judge erred to reversal in refusing to set aside the prior award of guardian’s commissions and attorney fees. Ala.Code 1975, § 26-5-13, allows a court to award guardian commissions and attorney fees in a partial settlement hearing. Although there was no guardian ad litem appointed to represent the ward at the partial settlement hearing, as required by Ala.Code 1975, *616 § 26-5-2, it is clear from the record that the probate judge, at the time of the final settlement hearing, examined each item of expense, covering the period of the guardianship, as to which the executor raised an objection.
Pursuant to the provisions of Ala.Code 1975, § 26-5-6, the three partial settlements that were contested at the final settlement hearing were presumed to be correct. The probate judge, at this hearing, reexamined each of them, considered the objections raised, and, nevertheless, approved them. We find no error here.
IV
The executor’s last contention is that the probate judge erred in not recus-ing himself. On December 18, 1989, long after the hearing had been concluded, and, in fact, after the appeal had been taken, the executor filed a motion for the judge to recuse himself under the provisions of Rule 60(b)(6), A.R.Civ.P. In that motion the executor claimed that he had “discovered” that the probate judge was a stockholder in the same corporation as the attorney for the guardian.
A decision by a trial judge on a Rule 60(b)(6) motion to vacate a judgment for “any ... reason justifying relief from the operation of the judgment” is discretionary with the trial judge and will not be reversed other than for an abuse of that discretion. Acromag-Viking v. Blalock, 420 So.2d 60 (Ala.1982); Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979); and Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978).
In order for the probate judge to have erred in failing to recuse himself, he must have abused his discretion. Recusal is required under Canon 3 C(l), Alabama Canons of Judicial Ethics, when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of the trial judge, but recusal is not required by mere accusations without proof of supporting facts. Bryars v. Bryars, 485 So.2d 1187 (Ala.Civ.App.1986); Acromag-Viking v. Blalock; Miller v. Miller, 385 So.2d 54 (Ala.Civ.App. 1980), cert. denied, Ex parte Miller, 385 So.2d 56 (Ala.1980). The test under that canon is: “ ‘Would a person of ordinary prudence in the judge’s position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge’s impartiality?’ ” Bryars at 1189; Matter of Sheffield, 465 So.2d 350 (Ala.1984).
We have examined the record in this case.- We cannot hold that the trial judge abused his discretion in refusing to set aside the judgment on the basis that he should have recused himself from this case.
Based on the foregoing, we affirm the judgment of the probate court in each case.
88-1384 AFFIRMED.
89-1213 AFFIRMED.
SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.

. Code 1975, § 26-5-16, provides for the compensation of a guardian. It states, in pertinent part:
"On final settlement, an allowance must be made of actual expenses necessarily incurred by him and, for special or extraordinary services rendered, such compensation must be allowed the conservator as is just, but no allowance of actual expenses or for special or extraordinary services must be made except upon an itemized account, verified by affidavit, of suck expenses or of such special or extraordinary services, and in its decree the court must state each item for such services for which compensation is allowed." (Emphasis ours).
The guardian had adequate records of these expenditures and they are a part of this record, and the guardian testified that the expenses were incurred by him in carrying out his duties as guardian.

. Ala.Code 1975, § 26-5-15, provides:
"[At] any time prior to final settlement, the account may be reopened by the court on motion or petition of the guardian or ward or other party having an interest in the estate for amendment or revision if it later appears that the account is incorrect either because of fraud or mistake.”