Carey Dale Grayson petitions for a writ of mandamus ordering the Honorable Mike McCormick to recuse himself from Grayson's case. Grayson was charged with capital murder. One of Grayson's lawyers, Scott Boudreaux, opposed Judge McCormick in the most recent judicial election and lost. Grayson contends that because Judge McCormick and his lawyer opposed one another in the election, Judge McCormick could not be impartial and should disqualify himself from the case.
We first note that "[m]andamus is the proper method by which to review whether recusal is required." Ex parte Melof,553 So.2d 554, 555 (Ala. 1989).
All judges are presumed to be impartial and unbiased. Exparte Cotton, 638 So.2d 870 (Ala. 1994). "The burden is on the party seeking recusal to present evidence establishing the existence of bias or prejudice." Melof, 553 So.2d at 557.
Canon 3(C), Alabama Canons of Judicial Ethics, states:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
The Alabama Supreme Court in Ex parte Duncan, 638 So.2d 1332,1334 (Ala.), cert. denied, ___ U.S. ___, 115 S.Ct. 528,130 L.Ed.2d 432 (1994), stated the following about Canon 3(C):
 "Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when 'facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: 'Would a person of ordinary prudence in the judge's position knowing all of the facts known to *Page 987 
the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So.2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983)."
"Canon 3(C)(1) does not require disqualification upon mere allegations of bias that are not supported by substantial fact; and the party seeking recusal must come forward with evidence establishing the existence of bias or prejudice."Blankenship v. City of Hoover, 590 So.2d 245, 251 (Ala. 1991).
Grayson has made no showing that Judge McCormick could not try the case against him impartially and without bias. A lawyer who becomes a candidate for the public office of judge accepts the risk that, if he loses, he may have to try cases in the court of his successful opponent. The petition for the writ of mandamus is denied.
PETITION DENIED.
All the Judges concur.