CRAWLEY, Judge,
dissenting.
I must respectfully dissent. Upon my review of the law concerning recusal and my review of the transcript of the 72-hour hearing, I agree with the father and his parents that the trial judge should have recused himself from this case. I would reverse the *980 judgment and remand the case with the express instruction that it be assigned to another judge.
The trial judge, in response to the father’s motion to recuse, which was presented at the 72-hour hearing, admitted that he had indicated to the father’s original counsel that he had already made a determination about dependency. He further stated:
“So, yes, this Court concluded that there was a dependent — a dependent child. Now, yes, we had reviewed the statements of two persons in the magistrate’s office also by that time. After talking with [the DHR investigator], I went down to try to get some more details about what was going on here. ...
“Had we made a predetermined, fixed opinion about the outcome of the case? Probably about the outcome of the 72-hour hearing to some extent_”
(Emphasis added.)
Canon 3 C(l), Alabama Canons of Judicial Ethics, reads:
“A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned ...”
(Emphasis added.) This test has been described as the “reasonable person/appearance of impropriety test.” Bryars v. Bryars, 485 So.2d 1187, 1189 (Ala.Civ.App.l986)(quoting Matter of Sheffield, 465 So.2d 350, 357 (Ala.1984)). Although “[t]he strictest application of this rule may ‘sometimes bar trial by judges who [are impartial] and who would do their very best to weigh the scales of justice equally between contending parties, ... to perform its high function in the best way “justice must satisfy the appearance of justice.”’” Crowell v. May, 676 So.2d 941, 944 (Ala.Civ.App.1996) (quoting In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)) (emphasis added).
In reaching my conclusion that recusal is required in this case, I have focused on the appearance of impropriety and the effect it has on the public’s perception of our judiciary. Canon 1 reads:
“An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.”
(Emphasis added.) To further the objectives of the Canons of Judicial Ethics, to achieve and maintain an independent and honorable judiciary that can pride itself on its integrity, I believe that the “reasonable person/appear-anee of impropriety” test is the appropriate test to apply in this case.
“‘Recusal is required when “facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.” . •.. The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality — whether there is an appearance of impropriety.’ ”
Crowell, 676 So.2d at 944 (quoting Ex parte Duncan, 638 So.2d 1332, 1334 (Ala.), cert. denied, 513 U.S. 1007, 115 S.Ct. 528, 130 L.Ed.2d 432 (1994)) (emphasis added). Finally, “[a]s stated in Canon 1 of the [Canons] of Judicial Ethics, ‘An independent and honorable judiciary is indispensable to justice in our society,’ and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal.” Bryars, 485 So.2d at 1189 (quoting Sheffield, 465 So.2d at 357.)
As was eloquently stated by the late Justice Jones, one of the most basic and important aspects of our judicial system is the public’s perception of its fairness and impartiality:
“ Paramount to any system of justice is the total impartiality of the court which sits in judgment of any controversy. The appearance of fairness is virtually as important as is fairness itself. One of the essential ingredients of an effective judiciary is the high level of respect accorded it by the citizenry. Except for the impartiality of those who occupy the role of judge, both in act and [in] appearance, the level of respect necessary to a strong and effective judiciary will fail.”
Morgan County Commission v. Powell, 292 Ala. 300, 312, 293 So.2d 830, 840 (1974) (Jones, J., concurring specially).
*981 If indeed, “[t]he appearance of fairness is virtually as important as is.fairness itself,” Powell, 292 Ala. at 312, 293 So.2d at 840, then this court cannot overlook the fact that this judge appears to have made his decision before he heard any testimony. The test for recusal is not whether the trial judge was actually impartial, but whether his impartiality might reasonably be questioned. See Crowell, 676 So.2d at 944. A reasonable person would surely perceive the actions of this judge as showing a lack of impartiality. He admitted that he had a predetermined, fixed opinion about this case before any testimony was presented to him at the 72-hour hearing. His comments “smack[] of the air of prejudgment ... based not on any legally proved evidence in a court of law, but on [other] information.” Ex parte White, 53 Ala.App. 377, 389, 300 So.2d 420, 432 (Ala.Crim.App.), cert. denied, 293 Ala. 778, 300 So.2d 439 (1974). Because this court is required to “resolv[e] all reasonable doubt[s] in favor of recusal,” Bryars, 485 So.2d at 1189 (citation omitted), I conclude that the trial judge should have recused himself. Therefore, I would reverse the judgment and remand this case for assignment to a new trial judge.