Earlier the petitioner had sought to obtain from the Court of Civil Appeals, 361 So.2d 10, a writ of mandamus requiring a circuit court judge to recuse himself in a civil action filed by this petitioner, that case being identified as Civil Action No. CV-77-33. After that court denied the petition we granted certiorari on the ground that this is a case of first impression under the Canons of Judicial Ethics adopted by this Court on December 15, 1975, Alabama Lawyer, Vol. 37, No. 1 at 10-29 (Jan. 1976).
While the Honorable Arthur E. Gamble, Jr. was circuit solicitor, an indictment was obtained for manslaughter in the first degree against the petitioner, Rushing. The indictment arose out of the death of a person whom Rushing, at the time a policeman for the City of Georgiana, was attempting to arrest. The petitioner was prosecuted by Mr. Gamble on the felony charge and acquitted. Thereafter, Mr. Gamble became, and is presently, Judge of the Circuit Court of Butler County. In June 1977 the petitioner filed a civil action against the City of Georgiana, Butler County, seeking damages for personal injuries he allegedly incurred while attempting to effect the arrest referred to. Because Judge Gamble would be the circuit judge who would ordinarily preside over that civil action, the petitioner filed a motion requesting the judge to recuse himself. He cited Title 13, § 6, Alabama Code (now Code of Ala.
1975, § 12-1-12), and in addition alleged bias and the lack of a capability of impartiality, and supported his motion with his affidavit in which he recited the facts we have related. *Page 12 
Following the denial of that motion by the trial court this petition followed in due course.
The respondent has declined to answer, see Rule 21 (b), ARAP; however counsel for the City of Georgiana, appellee-defendant in the civil case, has filed a brief in this court in opposition to the petition.
The gist of Rushing's petition is that he does not feel that he can receive a fair and impartial trial in those circumstances, and that under those circumstances the Canons of Judicial Ethics, particularly Canon 3, should be applied with §12-1-12 of the Code because Judge Gamble's impartiality might reasonably be questioned.
We quote § 12-1-12:
 No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record or put in writing if the court is not of record.
And Part C of Canon 3 which deals with the disqualification of judges:
 (1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 (a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 (b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.
A literal reading of § 12-1-12 precludes its application in this instance since its pertinent terms refer to the judge sitting "in any case . . . in which he has been of counsel. . . ." Those terms refer to the same case, and here the two cases are not the same. It is well settled, however, that the grounds of disqualification expressed in that section do not preclude others existing at common law, e.g., Medlin v. Taylor, 101 Ala. 239,13 So. 310 (1893) and, indeed, our Canons of Judicial Ethics clearly demonstrate this position. By the terms of Canon 3 "[a] judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned, . . ." Especially noted as an instance for disqualification is that in which he has "served as a lawyer in the matter in controversy, . . ." Even though the earlier case was a criminal prosecution between the State of Alabama and Rushing, whereas the present case is a civil action between Rushing and the City of Georgiana, is the difference in the parties and in the nature of the controversy material to the judge's relationship to both? We think not.
For one thing, they represent the same "matter in controversy." A "matter" is:
 [a] subject (as a fact, an event or course of events, or a circumstance, situation, or question) of interest or relevance: . . Webster's Third New International Dictionary (1971).
It cannot be doubted that with the exception of possible personal injuries claimed by this petitioner in his civil action, the same course of events is relevant to both cases. The facts leading up to the shooting, the facts concerning the performance, or nonperformance of duty, the relative use of force, all these would be relevant in each case. Hence both cases concern the same "matter in controversy" referred to in Canon 3 (C)(1)(b). As the prosecutor in the criminal case, the respondent was a "lawyer" in that "matter in controversy." While we do not suggest the existence of the slightest degree of personal bias or prejudice toward the petitioner by the respondent, nevertheless this fact of his prior participation as prosecutor in the criminal case under these circumstances makes the later *Page 13 
civil case a "proceeding in which . . . his impartiality might reasonably be questioned, . . ." Accord, Payne v. State,48 Ala. App. 401, 407-9, 265 So.2d 185 (1972).
For these reasons, we must reverse the decision of the Court of Civil Appeals and remand this cause to that Court with directions to issue its writ of mandamus to the circuit judge, directing him to disqualify himself in the civil action, No. CV-77-33, in the Circuit Court of Butler County.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.