Jerald Sanders petitions this court for a writ of mandamus ordering Circuit Judge Chris Galanos to recuse himself from hearing the case against Sanders. Judge Galanos served as district attorney for the Thirteenth Judicial Circuit of Alabama from 1979 through August 1994. Sanders contends that Judge Galanos had a conflict of interest because he was serving as the district attorney when the case against Sanders was first investigated by the district attorney's office.
A petition for a writ of mandamus is the correct method by which to challenge the legality of a judge's decision not to recuse *Page 1037 
himself from a case. Ex parte Melof, 553 So.2d 554 (Ala. 1989).
Judge Galanos served as the district attorney for the Thirteenth Judicial Circuit of Alabama from 1979 until September 1, 1994. The appellant was arrested on July 8, 1994, for theft of property and burglary in the third degree. He was arrested on July 12, 1994, for receiving stolen property in the second degree. The district court case action summaries in these cases reflect that the case files were delivered to the district attorney's office on July 29, 1994, when Galanos was serving as the district attorney. The record further reflects that these cases were nolle prossed and that the appellant was later reindicted for these same offenses. However, this does not change the fact that Galanos was district attorney when the case files were first delivered to the district attorney's office for investigation. The duties of a district attorney include "draw[ing] up all indictments and . . . prosecut[ing] all indictable offenses." § 12-17-184, Code of Alabama 1975. The appellant was arrested and charged with three felonies. Felonies are prosecuted by the state's representative, who is the district attorney for the specific county in which the crime occurred. At one point Galanos was the attorney of record for the cases against the appellant.
Section 12-1-12, Code of Alabama 1975, states:
 "No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record or put in writing if the court is not of record."
Canon 3(C)(1), Alabama Canons of Judicial Ethics, states:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
(Emphasis added.)
The Alabama Supreme Court in Rushing v. City of Georgiana,361 So.2d 11 (Ala. 1978), had the first occasion after the adoption of the Alabama Canons of Judicial Ethics, to address a similar question to the one presented here. The court stated the following concerning Canon 3:
 "By the terms of Canon 3 '[a] judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned, . . .' Especially noted as an instance for disqualification is that in which he has 'served as a lawyer in the matter in controversy, . . .' Even though the earlier case was a criminal prosecution between the State of Alabama and Rushing, whereas the present case is a civil action between Rushing and the City of Georgiana, is the difference in the parties and in the nature of the controversy material to the judge's relationship to both? We think not.
 "For one thing, they represent the same 'matter in controversy.' A 'matter' is:
 " '[a] subject (as a fact, an event or course of events, or a circumstance, situation, or question) of interest or relevance: . . Webster's Third New International Dictionary
(1971).
 ". . . As the prosecutor in the criminal case, the respondent was a 'lawyer' in that 'matter in controversy.' While we do not suggest the existence of the slightest degree of personal bias or prejudice toward the petitioner by the respondent, nevertheless this fact of his prior participation as prosecutor in the criminal case under these circumstances makes the later civil case a *Page 1038 
'proceeding in which . . . his impartiality might reasonably be questioned, . . .' Accord, Payne v. State, 48 Ala. App. 401, 407-9, 265 So.2d 185
(1972)."
361 So.2d at 12-13.
The Alabama Supreme Court in Ex parte Duncan, 638 So.2d 1332
(Ala.), cert. denied, ___ U.S. ___, 115 S.Ct. 528,130 L.Ed.2d 432 (1994), further expressed its view on Canon 3(C)(1) by stating:
 "Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when 'facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: 'Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So.2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606
(Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983)."
638 So.2d at 1334.
Based on the Alabama Canons of Judicial Ethics and Alabama Supreme Court cases interpreting Canon 3(C)(1), we hold that Judge Galanos erred in failing to recuse himself from hearing the appellant's cases. As the Alabama Supreme Court stated inDuncan, the question is not whether the judge is in fact impartial but whether another person "might reasonably question the judge's impartiality." 638 So.2d at 1334. In this case, that question can be answered only in the affirmative.
 "In general, prior representation or activity as an attorney or as counsel to a party disqualifies a judge from sitting or acting in a cause or proceeding. Such disqualification is based on the theory that not only should all cases be tried before an impartial and disinterested tribunal, but the tribunal should appear to be fair, in order to preserve the respect and confidence of the people for the decisions of the courts by doing away with the possibility that the judge is biased for or against a party.
 "A question has arisen in a number of cases concerning whether and under what circumstances a judge who previously had been a district attorney or other prosecutorial official is disqualified from sitting or acting in his judicial capacity in a criminal proceeding involving a defendant who had previously either been prosecuted in the same jurisdiction by a different prosecutor while the judge was still a prosecutorial official, or been prosecuted by the judge himself in his prior capacity. A number of courts have taken the position that a judge who had been a district attorney or an attorney general at the time that a defendant was prosecuted for an offense is disqualified, in general, from sitting as a judge in a further proceeding involving the same defendant and the same offense, often on the ground that a statutory provision rendered the judge disqualified, despite the fact that the judge was not at all involved in the actual prosecution or had at most a formal involvement such as through statutes making attorneys general responsible in a supervisory capacity for all criminal prosecutions pending in their jurisdictions."
Annot., Disqualification of Judge — Criminal Cases, 16 A.L.R.4th 550, 555 (1982).
The rule as quoted above in the A.L.R. Annotation is consistent with the Alabama Canons of Judicial Ethics. The following reasoning of the Georgia Supreme Court in King v.State, 246 Ga. 386, 271 S.E.2d 630 (1980), is also consistent with those Canons:
 "It was error for the trial judge to refuse to disqualify himself. The commentary following Canon 2 of the Georgia Code of Judicial Conduct explains that a judge 'must avoid all impropriety and appearance of impropriety.' 231 Ga. A-2; Ferry v. State, 245 Ga. 698, 267 S.E.2d 1 (1980). Canon 3.C.(1) provides that 'A judge should disqualify himself in a proceeding in which his impartiality might *Page 1039 
reasonably be questioned, including but not limited to instances where: . . . (b) he served as a lawyer in the matter in controversy . . .' 231 Ga. A-5; Scogin v. State, 138 Ga. App. 859, 861(2), 227 S.E.2d 780 (1976). 'We interpret the word "should" to mean "shall" in the context of this requirement.' Savage v. Savage, 234 Ga. 853, 856, 218 S.E.2d 568 (1975); Savage v. Savage, 238 Ga. 16(2), 230 S.E.2d 851 (1976).
 "Furthermore, Code Ann. § 24-102 states that 'No judge . . . of any court . . . shall . . . preside, act or serve, in any case or matter . . . in which he has been of counsel . . . without the consent of all parties in interest. . . .' Although we have held that it is not grounds for disqualification that a judge in his previous capacity as district attorney prosecuted the defendant on another charge (Fowler v. Strickland, 243 Ga. 30, 32, 252 S.E.2d 459 (1979)), we also are of the opinion that the Court of Appeals was correct in concluding that the words 'of counsel' should not 'be so restricted as to include only representation in a suit or proceeding in court, since this statute, though in derogation of the common law, is yet remedial, and therefore should be given a liberal construction so as to effect the intent of the legislature.' Scogin v. State, supra, 138 Ga. App. at p. 861, 227 S.E.2d 780.
 "In an effort to avoid so much as an appearance of partiality, federal courts have held that a United States District Attorney is 'of counsel' in all criminal 'cases' brought within his district for purposes of the federal statute requiring a federal judge to disqualify himself in any 'case' in which he has been 'of counsel.' Barry v. United States, 528 F.2d 1094 (7th Cir. 1976). The federal statute, 28 U.S.C. § 455, refers to involvement in a 'case.' Code Ann. § 24-102 refers to 'any case or matter.' We agree with the policy behind those federal cases and hold that a Georgia district attorney is of counsel in all criminal cases or matters pending in his circuit. This includes the investigatory stages of matters preparatory to the seeking of an indictment as well as the pendency of the case. Scogin v. State, supra.
 "Applying the foregoing authorities to the facts of this case, we hold that the investigation of criminal activities in the county, including those of the defendant, conducted by the [Georgia Bureau of Investigation] under authorization from the trial court judge during his former tenure as district attorney was a 'matter' in which he 'served as a lawyer' within the meaning of Canon 3.C.(1), and 'in which he has been of counsel' within the meaning of Code Ann. § 24-102. No suggestion is made by this court of any actual impropriety on the part of the trial court judge. The fact that his impartiality 'might reasonably be questioned' suffices for his disqualification."
271 S.E.2d at 633-34.
Based on the authority of the Alabama Canons of Judicial Ethics and the reasoning of the Alabama Supreme Court and courts of other jurisdictions that have considered this issue, we must, and do hereby, grant the petition for the writ of mandamus.
PETITION GRANTED.
All the Judges concur.