The appellant, Warren Crumpton, was convicted of murder made capital because two people were killed as the result of one course of conduct, see § 13A-5-40(a)(10), Code of Alabama 1975. The jury unanimously recommended that the appellant be sentenced to *Page 815 
life imprisonment without parole. The trial court accepted the jury's recommendation and sentenced the appellant to life imprisonment without the possibility of parole.
 I
The appellant initially contends that the trial judge, Chris N. Galanos, erred to reversal in failing to recuse himself from the case. Specifically, he contends that the judge erred in denying the appellant's motion asking the judge to recuse because the judge had been the "District Attorney for Mobile County at the time the charges were lodged against" the appellant. For the following reasons we agree.
The appellant was arrested on July 17, 1994. He was indicted for capital murder on September 23, 1994. Judge Galanos served as district attorney for the thirteenth judicial circuit of Alabama from 1979 until September 1, 1994. This court recently in Ex parte Sanders, 659 So.2d 1036 (Ala.Cr.App. 1995), addressed this same issue involving the same judge. This court stated:
 "The appellant was arrested and charged with three felonies. Felonies are prosecuted by the state's representative, who is the district attorney for the specific county in which the crime occurred. At one point Galanos was the attorney of record for the cases against the appellant.
"Section 12-1-12, Code of Alabama 1975, states:
 " 'No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record or put in writing if the court is not of record.'
 "Canon 3(C)(1), Alabama Canons of Judicial Ethics, states:
 " '(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 " '(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 " '(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.'
"(Emphasis added [in Sanders].)
"The Alabama Supreme Court in Rushing v. City of Georgiana,361 So.2d 11 (Ala. 1978), had the first occasion after the adoption of the Alabama Canons of Judicial Ethics, to address a similar question to the one presented here. The court stated the following concerning Canon 3:
 " 'By the terms of Canon 3 "[a] judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned, . . ." Especially noted as an instance for disqualification is that in which he has "served as a lawyer in the matter in controversy, . . ." Even though the earlier case was a criminal prosecution between the State of Alabama and Rushing, whereas the present case is a civil action between Rushing and the City of Georgiana, is the difference in the parties and in the nature of the controversy material to the judge's relationship to both? We think not.
 " 'For one thing, they represent the same "matter in controversy." A "matter" is:
 " ' "[a] subject (as a fact, an event or course of events, or a circumstance, situation, or question) of interest or relevance": . . . Webster's Third New International Dictionary
(1971).
 " '. . . As the prosecutor in the criminal case, the respondent was a "lawyer" in that "matter in controversy." While we do not suggest the existence of the slightest degree of personal bias or prejudice *Page 816 
toward the petitioner by the respondent, nevertheless this fact of his prior participation as prosecutor in the criminal case under these circumstances makes the later civil case a "proceeding in which . . . his impartiality might reasonably be questioned, . . ." Accord, Payne v. State, 48 Ala. App. 401, 407-9, 265 So.2d 185
(1972).'
"361 So.2d at 12-13.
"The Alabama Supreme Court in Ex parte Duncan, 638 So.2d 1332
(Ala.), cert. denied, ___ U.S. ___, 115 S.Ct. 528,130 L.Ed.2d 432 (1994), further expressed its view on Canon 3(C)(1) by stating:
 " 'Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when "facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge." Acromag-Viking v. Blalock, 420 So.2d 60, 61
(Ala. 1982). Specifically, the Canon 3(C) test is: "Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?" Matter of Sheffield, 465 So.2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983).'
"638 So.2d at 1334.
"Based on the Alabama Canons of Judicial Ethics and Alabama Supreme Court cases interpreting Canon 3(C)(1), we hold that Judge Galanos erred in failing to recuse himself from hearing the appellant's cases. As the Alabama Supreme Court stated inDuncan, the question is not whether the judge is in fact impartial but whether another person 'might reasonably question the judge's impartiality.' 638 So.2d at 1334. In this case, that question can be answered only in the affirmative."
659 So.2d at 1037-38.
Judge Galanos should have recused himself, based on the Alabama Canons of Judicial Ethics and Sanders. In failing to grant the motion for recusal, the trial court erred to reversal.
In the interest of judicial economy we will address the remaining issues that may appear in subsequent proceedings.
 II
The appellant contends that the court erred in receiving into evidence the statement he made to police. Specifically, he contends that because he asked to speak with counsel he had invoked his right to counsel and that all questioning after that point, even if he initiated the communication, should have ceased.
This case is governed by the United States Supreme Court's decisions in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880,68 L.Ed.2d 378 (1981), and Oregon v. Bradshaw, 462 U.S. 1039,103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).
In Edwards v. Arizona, the United States Supreme Court held that:
 "[A]n accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."
451 U.S. at 484-85, 101 S.Ct. at 1885, 68 L.Ed.2d at 386.
In Oregon v. Bradshaw, the United States Supreme Court had occasion to define "initiate" as that term was used in Edwardsv. Arizona. The Court stated:
 "While we doubt that it would be desirable to build a superstructure of legal refinements around the word 'initiate' in this context, there are undoubtedly situations where a bare inquiry by either a defendant or by a police officer should not be held to 'initiate' any inquiries, such as a request *Page 817 
for a drink of water or a request to use a telephone, that are so routine that they cannot be fairly said to represent a desire on the part of an accused to open up a more generalized discussion relating directly or indirectly to the investigation. . . .
 ". . . [T]he respondent's question in this case as to what was going to happen to him evinced a willingness and a desire for a generalized discussion about the investigation; it was not merely a necessary inquiry arising out of the incidents of the custodial relationship. It could reasonably have been interpreted by the officer as relating generally to the investigation. . . ."
462 U.S. at 1045-46, 103 S.Ct. at 2835, 77 L.Ed.2d at 412.
This court in Wilson v. State, 571 So.2d 1237
(Ala.Cr.App. 1989), rev'd on other grounds, 571 So.2d 1251
(Ala.), on remand, 571 So.2d 1266 (Ala.Cr.App. 1990), applied both of the above United States Supreme Court's holdings and stated:
 "Under the totality of the circumstances in the present case, the evidence indicates that the appellant knowingly and intelligently waived his right to counsel by initiating conversation with Investigator Kidd; stating that he wished to speak without his attorney present; and initially stating, 'Mr. Kidd, I ain't done nothing.' Such a statement indicates a desire 'for a generalized discussion about the investigation.' "
571 So.2d at 1247.
Sergeant James Mayo of the Mobile Police Department testified at the suppression hearing. He stated that he questioned the appellant at the police station. Mayo said that he ceased questioning when the appellant invoked his right to counsel. Mayo said that when he got up to leave the appellant said to him that he did not want to die in the electric chair. Mayo then said to the appellant that all he was asking was for the appellant to tell the truth and that the truth might help him. The appellant then made the statement at issue here.
It is clear that the appellant initiated the conversation with Sergeant Mayo. We must now determine whether the statement was voluntary or whether it was the result of coercion.Wilson. Was Mayo's statement asking the appellant to tell the truth, telling him that the truth might help him, coercive?
 "In determining whether a confession is voluntary, the trial court's finding of voluntariness need only be supported by a preponderance of the evidence. Seawright v. State, 479 So.2d 1362, 1367 (Ala.Cr.App. 1985). The trial court's decision will not be disturbed on appeal unless it is manifestly contrary to the great weight of the evidence. ' "The test for the voluntary nature of an extrajudicial confession or inculpatory statement is whether in light of all the surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor." ' "
Dixon v. State, 588 So.2d 903, 907 (Ala. 1991). (Some citations omitted.)
This court has repeatedly held that the fact that an officer tells an accused that it would be better to tell the truth does not render a statement inadmissible. Ex parte Matthews,601 So.2d 52 (Ala.), cert. denied, 505 U.S. 1206, 112 S.Ct. 2996,120 L.Ed.2d 872 (1992); Butler v. State, 646 So.2d 689
(Ala.Cr.App. 1993); Brooks v. State, 599 So.2d 1238
(Ala.Cr.App. 1992); Golden v. State, 439 So.2d 813
(Ala.Cr.App. 1983). "A promise or inducement for a confession cannot be implied from an exhortation to a prisoner that it is best or better to tell the truth." Eakes v. State,387 So.2d 855, 859 (Ala.Cr.App. 1978). There was no evidence presented that the appellant was coerced, threatened, or forced to make a statement. The appellant's statement to Mayo was not due to be suppressed.
The appellant further contends that the trial court should have suppressed the statement he made in the presence of Officer Johnny Ladner of the Mobile Police Department. The record reflects that the appellant telephoned his girlfriend in Ladner's presence. The appellant told his girlfriend that he had shot two people with a .44 magnum gun. The court held that the appellant had *Page 818 
no expectation of privacy in the conversation because he knew Ladner was in the room when he made the statement, and therefore the statement was admissible. We agree.
For the reasons discussed in part I of this opinion, the judgment of the trial court is reversed and the cause remanded to the Circuit Court for Mobile County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.