In the Mobile Circuit Court, Virgil Marinus Crawford was convicted in two cases of receiving stolen property. The circuit court judge was Judge Chris N. Galanos. Before the trial of his cases, Crawford made a motion for Judge Galanos to recuse, citing the fact that Judge Galanos had been the district attorney for the Thirteenth Judicial Circuit (Mobile County) when criminal proceedings were initiated against Crawford. Judge Galanos denied Crawford's recusal motion.
On appeal to the Court of Criminal Appeals, Crawford argued that Judge Galanos had erred in denying his motion to recuse. *Page 197 
In an unpublished memorandum, the Court of Criminal Appeals stated:
 "The appellant's argument, that the trial court erred in denying his motion for recusal, cannot be considered on appeal. Mandamus, not appeal, is the proper remedy with regard to a judge's refusal to recuse himself. Ex parte Balogun, 516 So.2d 606, 608 (Ala. 1987)."
Crawford v. State, 683 So.2d 66 (unpublished memorandum) (Ala.Crim.App. 1995).
Crawford then petitioned this Court for certiorari review, contending that the Court of Criminal Appeals erred in holding his arguments concerning recusal to be procedurally barred from review on appeal. This Court granted certiorari review.
This Court, in several cases, has held that the writ of mandamus should be used to ensure appellate review of a recusal issue. Among those is Ex parte Balogun, 516 So.2d 606 (Ala. 1987), in which the Court stated, "This Court has long held that mandamus, not appeal, is the proper remedy if a judge refuses to recuse himself." 516 So.2d at 608. We held the same in Ex parte Melof, 553 So.2d 554, 555 (Ala. 1989): "Mandamus is the proper method by which to review whether recusal is required." In Ex parte Kiker, 612 So.2d 453, 455 (Ala. 1993), this Court cited Melof in holding that "[a] petition for a writ of mandamus is the proper means to seek review of a ruling on a suggestion of recusal." Also citing Melof, this Court stated inEx parte Cotton, 638 So.2d 870, 872 (Ala. 1994), "A mandamus petition is the proper method to review the trial court's denial of a motion to recuse."
However, as Crawford points out, there is a distinct, older line of cases that appear to contradict this Court's later holdings on this issue, but which have never been overruled. InRiley v. Wilkinson, 247 Ala. 231, 240, 23 So.2d 582, 589-90
(1945), the Court stated that "when it is thought that a judge is disqualified and refuses to recuse himself, mandamus to require him to do so is the appropriate remedy (not now to say that the ruling may not be assigned as error on appeal)." TheRiley Court cited De Moville v. Merchants Farmers Bank,237 Ala. 347, 186 So. 704 (1939), which had held that a review of a ruling upon the qualifications of a judicial officer may be made by mandamus review or by appeal. The De Moville Court, in its opinion on an appeal in which a recusal issue was raised, stated:
 "[The writ of mandamus] has been the usual method of reviewing a ruling upon the qualifications of the register or other judicial officer. [Citations omitted.] Many other cases are cited in Woodmen of the World v. Alford, 206 Ala. 18, 22, 89 So. 528 [(1920)], holding that mandamus is the proper remedy under such circumstances; and this case is cited on that point in Lindsey v. Lindsey, 229 Ala. 578, 158 So. 522 [(1934)]. In those two cases, the question was raised on appeal. . . . They do not hold, and no case apparently has held, that mandamus is the only remedy, when the question is properly presented and overruled. We think the ruling may properly be here assigned as error. This has been done."
237 Ala. at 352, 186 So. at 708.
Crawford further notes that the Court of Criminal Appeals, inCrumpton v. State, 677 So.2d 814 (Ala.Crim.App. 1995), reviewed on appeal the denial of a motion to recuse.[1] InCrumpton, while Judge Galanos was district attorney for the Thirteenth Judicial Circuit, the defendant Crumpton was charged with murder. Judge Galanos was assigned Crumpton's case, and, when asked to recuse, he refused. Crumpton was convicted. On appeal, the Court of Criminal Appeals reversed the conviction, holding that Judge Galanos should have recused, pursuant to the Alabama Canons of Judicial Ethics and that court's holding inEx parte Sanders, 659 So.2d 1036 (Ala.Crim.App. 1995). InSanders, the Court of Criminal Appeals had issued a writ of mandamus requiring Judge Galanos to recuse, for the same reasons it required recusal in Crumpton — the same *Page 198 
reasons for which Crawford seeks recusal in this case.
It is apparent that there have been discrepancies in the manner in which Alabama courts have resolved the issue of the proper manner for reviewing a trial judge's ruling on a motion to recuse. The State contends that the mandamus procedure should be the only proper method to obtain appellate review on this issue. The best argument in support of this contention is that the use of the mandamus procedure would provide review of this interlocutory ruling before the parties have spent time and money to try a case presided over by a judge who should possibly have recused.
However, we believe that to allow the recusal issue to be raised either on appeal, after having been properly preserved at trial, or in a petition for a writ of mandamus, will best serve the interests of justice. This ruling will allow us to avoid the situation where every case in which a judge's impartiality is questioned receives a piecemeal appellate review, i.e., a review of one question by mandamus petition, followed by a later appeal. As this Court has often stated, the writ of mandamus is an extraordinary writ. If a party, in its discretion, believes that the interests of justice will be best served by petitioning for a writ of mandamus immediately after the trial judge denies a motion to recuse, then the appellate court may consider that petition. However, if the party chooses to preserve the alleged error by properly objecting to the denial of the motion and then proceeds to trial, then an appellate court may review the propriety of the ruling denying a recusal, if the recusal issue is properly raised. While a mandamus petition is a proper method for obtaining appellate review on this issue, it is not the sole method for obtaining it.
We must assume that in Crumpton v. State, in which the recusal issue was presented on direct appeal, the Court of Criminal Appeals was relying on the older line of cases when it reviewed the denial of a recusal motion. The Court of Criminal Appeals' refusal in Crawford's appeal to review his arguments concerning Judge Galanos's refusal to recuse is inconsistent with its later ruling in Crumpton. We conclude that in Crawford's appeal it should have applied the reasoning it later applied in Crumpton.
We reverse the judgment of the Court of Criminal Appeals and remand for that court to consider the merits of Crawford's arguments on the recusal issue.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.
KENNEDY, J., concurs in the result.
MADDOX, J., dissents.
[1] After the release of the Court of Criminal Appeals' opinion, Crumpton petitioned this Court for a writ of certiorari concerning an unrelated evidentiary issue. This Court denied Crumpton's petition. The State did not petition for certiorari review in Crumpton.