After Remand from the Alabama Supreme Court
The Alabama Supreme Court, in Ex parte Crawford,686 So.2d 196 (Ala. 1996), ordered this Court to address the appellant's argument that the trial judge in this case should recuse because of an alleged conflict of interest; this Court originally held that this argument was improperly presented on direct appeal and that the question should have been presented by a petition for a writ of mandamus.
The appellant, Virgil Marinus Crawford, was arrested on July 21, 1994, according to the case action summary. He was indicted on September 23, 1994, on two charges and was subsequently found guilty on both charges following a jury trial. Pursuant to the Alabama Habitual Felony Offender Act, he was sentenced to 15 years' imprisonment on one conviction and to 20 years' imprisonment on the other, the sentences to run concurrently.
The appellant argues that the trial judge, Chris N. Galanos, erred in refusing to recuse from the trial of the appellant's case. He argues that he was arrested and prosecuted in the District Court of Mobile County and that the preliminary hearings in his case were conducted while Galanos was serving as district attorney for Mobile County. He also argues that he was bound over to the grand jury on August 11, 1994, while Galanos was still district attorney, and that the prior convictions used to enhance his sentence were prosecuted under Galanos's supervision as district attorney.
Before trial, a hearing was held on the appellant's motion seeking the trial judge's recusal. The following transpired during that hearing:
 "[Defense Counsel]: . . . I also would renew my motion for Your Honor to recuse himself. Because we have been put on notice by [the] prosecution that they are proceeding under the Habitual Offender Act. I would represent to the court that the defendant does have prior convictions. And that these convictions occurred during Your Honor's tenure as the district attorney. For the record, Your Honor had been the district attorney here in this circuit for —
 "THE COURT: For the record, I was district attorney of Mobile County February 26, 1979, to August 31, 1994.
 "[Defense counsel]: Yes, sir. and, during this time, the defendant was prosecuted under your administration as the district attorney. and we feel that it would be a conflict of interest. First of all, since they are proceeding under the Habitual Offender Act, it would raise the question of prior offenses, which prior convictions . . . occurred at your administration as the district attorney.
 "Secondly, although the indictment in this cause was issued — when was the indictment — the date of the indictment returned to court?
"THE CLERK: September the 23.
 "[Defense counsel]: September 23 of this year. For the record, could Your Honor *Page 201 
put on the record the date Your Honor was appointed to the bench?
"THE COURT: September 1, 1994.
 "[Defense counsel]: September 1. The prosecution of this case was initiated — when these cases were initiated — under the administrations, since arrest was had under your administration, preliminary hearings were held in District Court of Mobile County. And the matter was referred to the grand jury sometime prior to September 23. The September 23 date was returned in the September grand jury which may have been in session on September 1.
"[Prosecutor]: It was not.
"THE COURT: It was not.
 "[Defense Counsel]: But whether it was in session or not, nonetheless, these files were in Your Honor's office. We feel that based on these matters, that Your Honor will have a conflict of interest in these cases.
 "THE COURT: Other than the chronology that you've recited, do you wish to present any evidence that I either have knowledge of these cases — and I will state for the record that I have absolutely none — that I would be biased or prejudiced in favor of the State for any action thus far or contemplated would be prejudicial to your client if I were to try this case?
 "[Defense counsel]: Your Honor, I cannot present any evidence as to your knowledge. This is something that you alone know. But I would suggest to the Court that the Court, as Ceaser's wife, not only asked her —
 "THE COURT: That's a legitimate contention. In ruling on your motion, [defense counsel], I would like to go back and get some cases on my desk.
"[Defense counsel]: Thank you, sir.
"(Pause.)
"* * *
"(Back on record.)
 "THE COURT: With all due respect, [defense counsel], I am going to deny your motion based on the following precedents. Jarrell v. Balkcom, 735 F.2d 1242, which is a capital murder case [i]n which it was held that a judge's failure to recuse himself was not error, notwithstanding the fact that the judge, as former district attorney, had actually prosecuted the defendant in a case involving assault with intent to rape where the Defendant could not cite any prejudicial rulings, nor could he cite any area in which the judge appeared to be biased in his rulings. All right. I have never personally prosecuted your client, nor do I have any knowledge of any facts of any cases. I would also like to read into the record the case of Payne v. State, 48 Ala. App. 401 [265 So.2d 185
(1972)], 'A judge is not disqualified in a case in which the State is a party, merely by reasons of having been a deputy attorney general while the case was in preparation and under study, where it was not assigned to him and he had no knowledge of it other than the mere awareness of its pendency. In this particular case, not only do I have no knowledge, not only did I — or have never been assigned any of your client's cases, but I didn't even have any awareness that this case was pending. And the advisory opinion of the judiciary inquiry commission, number 92-460, says the mere fact that the judge was in office of [as] the district attorney at the time of a former prosecution is not a ground for disqualification.
 "[Defense counsel]: Your Honor, I would submit to Your Honor that these cases are distinguished. First of all, the Jarrell case which Your Honor cited, for all it appears does not involve a case where the Habitual Offender Act was being invoked, which would be a carryover convictions from your administration. The Payne case, I would distinguish because a deputy assistant attorney general does not have an office which actively prosecutes or prosecuted the defendant in that case. And the association would have been out of the attorney general's office in Montgomery. And the prosecution would have been under a particular district attorney like on this case.
 "My clients also have advised me that in the matter before Your Honor, that bond *Page 202 
was set in these matters at some $30,000 initially. And in an adjacent courtroom there was someone who was accused of first degree murder that was released under a $10,000 bond. And my clients feel that in considering the disparity of the bonds that this indicates prejudice.
 "THE COURT: I did not set those bonds. You just said that in an adjacent courtroom —
 "[Defense counsel]: Yes, sir, I did, a $10,000 bond. A new bond that was set back in —
 "THE COURT: The docket sheet reflects, [defense counsel], that I reduced your client's bonds on October 5, 1994, in the amount of $3,333 at the request of Selma Smith.
 "Is there anything else, sir, that you would like? I appreciate and understand your objection to make a record. Is there anything else that you would like to say?
"[Defense counsel]: I think that's it, Judge.
 "THE COURT: Again, sir, with all due respect to you, your motion to recuse is denied based on the precedence which I have read into that record."
Despite the trial judge's assurance that he was not biased, this Court has previously decided this matter adversely to the judges under almost identical facts. In Crumpton v. State,677 So.2d 814 (Ala.Cr.App. 1995), Crumpton contended that the same trial judge whose recusal is sought in the instant case erred in failing to recuse himself from the case because he had been district attorney for Mobile County when the charges were entered against Crumpton. In that case, Crumpton was arrested on July 17, 1994, in the current case the appellant was arrested on July 21, 1994. Crumpton and the appellant in the present case, were indicted on the same date — September 23, 1994. In holding that Judge Galanos should have recused, this Court cited the Alabama Canons of Judicial Ethics and Ex parteSanders, 659 So.2d 1036, 1037-38 (Ala.Cr.App. 1995), stating:
 " 'The appellant was arrested and charged with three felonies. Felonies are prosecuted by the state's representative, who is the district attorney for the specific county in which the crime occurred. At one point Galanos was the attorney of record for the cases against the appellant.
" 'Section 12-1-12, Code of Alabama 1975, states:
 " ' "No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record or put in writing if the court is not of record."
 " 'Canon 3(C)(1), Alabama Canons of Judicial Ethics, states:
 " ' "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 " ' "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
 " ' "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.
"(Emphasis added [in Sanders].)
 " 'The Alabama Supreme Court in Rushing v. City of Georgiana, 361 So.2d 11 (Ala. 1978), had the first occasion after the adoption of the Alabama Canons of Judicial Ethics to address a similar question to the one presented here. The court stated the following concerning Canon 3:
 " ' "By the terms of Canon 3 '[a] judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably the questioned, . . .' Especially *Page 203 
noted as an instance for disqualification is that in which he has 'served as a lawyer in the matter in controversy, . . .' Even though the earlier case was a criminal prosecution between the State of Alabama and Rushing, whereas the present case is a civil action between Rushing and the City of Georgiana, is the difference in the parties and in the nature of the controversy material to the Judge's relationship to both? We think not.
 " ' "For one thing, they represent the same 'matter in controversy.' A 'matter' is:
 " ' " '[a] subject (as a fact, an event or course of events, or a circumstance, situation, or question) of interest or relevance: . . . Webster's Third New International Dictionary (1971).'
 " ' ". . . As the prosecutor in the criminal case, the respondent was a 'lawyer' in that 'matter in controversy.' While we do not suggest the existence of the slightest degree of personal bias or prejudice toward the petitioner by the respondent, nevertheless this fact of his prior participation as prosecutor in the criminal case under these circumstances makes the latter civil cases a 'proceeding in which . . . his impartiality might reasonsably be questioned, . . .' Accord, Payne v. State, 48 Ala. App. 401, 407-9, 265 So.2d 185 (1972).
" '361 So.2d at 12-13.
 " 'The Alabama Supreme Court in Ex parte Duncan, 638 So.2d 1332 (Ala.), cert. denied, 513 U.S. 1007, 115 S.Ct. 528, 130 L.Ed.2d 432 (1994), further expressed its view on Canon 3(C)(1) by stating:
 " ' "Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when 'facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: 'Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So.2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983)."
" '638 So.2d at 1334.
 " 'Based on the Alabama Canons of Judicial Ethics and Alabama Supreme Court cases interpreting Canon 3(C)(1), we hold that Judge Galanos erred in failing to recuse himself from hearing the appellant's cases. As the Alabama Supreme Court stated in Duncan, the question is not whether the judge is in fact impartial but whether another person "might reasonably question the judge's impartiality." 638 So.2d at 1334. In this case, that question can be answered only in the affirmative. "659 So.2d at 1037-38.' "
677 So.2d at 815-16. See also Ex parte Bryant, 675 So.2d 552
(Ala.Cr.App. 1996).
Because the trial judge should have recused in this matter, this judgment is due to be reversed and the cause remanded to the Circuit Court for Mobile County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All judges concur.