The petitioner, Renatta Riley Adams, filed this petition for a writ of mandamus directing Judge William E. Hollingsworth III to recuse himself from presiding over Adams's criminal trial. In July 2002, Adams was arrested in Childersburg and charged with theft. In October 2003, Adams was indicted for two counts of theft *Page 828 
of property in the first degree. The case was originally assigned to Judge Jerry L. Fielding. When Judge Fielding retired, the case was assigned to Judge Hollingsworth. In November 2004, Adams moved that Judge Hollingsworth recuse himself from hearing the case because, she argued, Judge Hollingsworth was the city attorney for the City of Childersburg at the time of Adams's arrest in 2002 and was counsel in the proceedings against Adams, and because Judge Hollingsworth might have gained knowledge about the facts of the case because of his position as city attorney. In January 2005, Judge Hollingsworth held a hearing and denied the motion. On February 11, 2005, Adams filed this mandamus petition requesting that we direct Judge Hollingsworth to recuse himself from the case.
This case is correctly before this Court by way of mandamus petition. A petition for a writ of mandamus is the appropriate method by which to review a court's rulings on a motion to recuse. See Ex parte Melof, 553 So.2d 554 (Ala. 1989), and Exparte Sanders, 659 So.2d 1036 (Ala.Crim.App. 1995).
Adams argues that Judge Hollingsworth should recuse himself because he was the city attorney for Childersburg at the time that she was arrested by Childersburg police officers and because, she argues, Judge Hollingsworth has shown a bias against her.
Both the attorney general and the Alabama Administrative Office of Courts have filed answers to this mandamus petition. Attached to the attorney general's answer is an affidavit executed by Judge Hollingsworth, which states:
 "I am presently a circuit judge in Talladega County, Alabama, and have held this position continuously since my appointment. Prior to my appointment as circuit judge, I maintained a general practice of law. Part of my practice included being the City Attorney for the City of Childersburg and its Municipal Prosecutor. I held that position on or about the date of July 18, 2001 (which is the date of the alleged offense committed by the Defendant, Renatta J. Riley), and on October 31, 2003 (which is the date of indictment against the Defendant, Renatta J. Riley). At the time of her arrest and at all times during the investigation of her case, I was never contacted nor consulted by the Childersburg Police Department, or any person relative to this case. All advice and discussions relative to her arrest and indictment would have been given by the district attorney of Talladega County. I have no independent knowledge of any facts or matters in this case, other than that which I have learned from my involvement as the trial judge. There is no reason of any kind, which I can think of, which would preclude me from hearing this case. I did hear argument for and against the Defendant's motion for recusal on January 27, 2005, along with other motions, and found that her motion for recusal was not well taken and was due to be overruled and denied."
Canon 3.C., Canons of Judicial Ethics, states that a judge should disqualify himself or herself from a case when the judge's impartiality might reasonably be questioned, such as when the judge has personal bias concerning a party or when the judge has served as a lawyer in the matter in controversy.
In Ex parte Sanders, 659 So.2d 1036 (Ala.Crim.App. 1995), this Court issued a writ of mandamus and directed a circuit judge to recuse himself from presiding over Sanders's trial. We held that a judge, who was the district attorney at the time that the case against the petitioner *Page 829 
was delivered to the district attorney's office, was obliged to recuse himself from presiding over the subsequent trial because at one point the judge was the attorney of record in the prosecution against the petitioner. See also Sparks v. State,450 So.2d 188 (Ala.Crim.App. 1984) (judge disqualified because of prior activity as prosecuting attorney — he attended the preliminary hearing and endorsed the indictment against the defendant); Crawford v. State, 686 So.2d 199 (Ala.Crim.App. 1996) (judge disqualified because judge was serving as district attorney at the time that case was bound over to grand jury). See also Annot., Prior Representation or Activity as ProsecutingAttorney as Disqualifying Judge from Sitting or Acting inCriminal Case, 85 A.L.R. 5th 471 (2001).
However, this case is not governed by our holdings in Sanders,Crawford or Sparks. Though Judge Hollingsworth was the city attorney for Childersburg at the time city police arrested Adams, Judge Hollingsworth did not prosecute Adams. Adams was arrested and indicted for a felony. The sole responsibility for prosecuting persons charged with felonies rests with the district attorney for the county in which the crime occurred. § 12-17-184, Ala. Code 1975. Here, the attorney of record for the charges against Adams was the district attorney for Talladega County, not the city attorney for the City of Childersburg — Judge Hollingsworth.
The exhibits filed with the mandamus petition and answers show that the complaint was signed by a Childersburg police officer. There is no indication that Judge Hollingsworth had any contact with the case. Indeed, his affidavit supports this conclusion. Therefore, Judge Hollingsworth was not bound by Canon 3.C.(b), Canons of Judicial Ethics, to recuse himself because he had previously been a lawyer in the case.
Adams also argues that Judge Hollingsworth is biased against her and that he should recuse himself. He argues that Judge Hollingsworth had shown prejudice in his rulings and his method of handling the case. As the Supreme Court noted in Ex parteMelof, 553 So.2d 554 (Ala. 1989):
 "`Recusal is required . . . when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a trial judge.' (Citations omitted.) Bryars v. Bryars, 485 So.2d 1187 (Ala.Civ.App. 1986). However, a mere accusation of bias that is unsupported by substantial fact does not require the disqualification of a judge. Id. at 1189; Ex parte Balogun, 516 So.2d 606, 609 (Ala. 1987); Medical Arts Clinic v. Henry, 484 So.2d 385 (Ala. 1986); Ross v. Luton, 456 So.2d 249 (Ala. 1984). The test is whether a `"person of ordinary prudence in the judge's position knowing all of the facts known to the judge find[s] that there is a reasonable basis for questioning the judge's impartiality."' (emphasis added). In re Sheffield, 465 So.2d 350, 356 (Ala. 1984), quoting Thode, The Code of Judicial Conduct — The First Five Years in the Courts, 1977 Utah L.Rev. 395, 402. The judge's statements at the recusal hearing and the lack of any factual support show that the judge does not have sufficient knowledge of the facts and issues in this case for there to be a reasonable basis for questioning his impartiality."
553 So.2d at 557. "Adverse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice." Hartman v. Board of Trustees of the Univ. ofAlabama, 436 So.2d 837, 841 (Ala. 1983).
"The petitioners have failed to meet their burden with respect to recusal. The *Page 830 
evidence presented to this Court consists of mere accusations unsupported by substantial fact." Melof, 553 So.2d at 557-58. Here, as in Melof, Adams failed to meet her burden of showing that Judge Hollingsworth is biased and should recuse himself from presiding over Adams's criminal trial.
For the foregoing reasons, this petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur. *Page 831