On January 5, 1994, the appellant, Leslie Waukene Coleman, was convicted of attempted murder. On February 22, 1994, the trial court sentenced him, as a habitual *Page 465 
offender, to imprisonment for life without the possibility of parole. See § 13A-5-9(c)(3), Ala. Code 1975. On October 13, 2006, the appellant filed a motion for reconsideration of his sentence. Without requiring a response, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that the circuit judge who ruled on his motion to reconsider should have recused himself because he allegedly was biased against him. Specifically, he contends that the circuit judge "was the prosecuting District Attorney for the County of Mobile in 1976, who indicted Coleman and prosecuted him on four of his prior convictions which was used to enhanced his sentence to life without parole under [the Habitual Felony Offender Act]." (Appellant's brief at p. 4.)
We addressed a similar situation in Crawford v. State,686 So.2d 199 (Ala.Crim.App. 1996). In that case, Crawford alleged that the trial judge should have recused himself from the trial of his case because he had been arrested and prosecuted in the Mobile District Court; because his preliminary hearings had been conducted while the trial judge was serving as the Mobile County District Attorney; because he was bound over to the grand jury while the trial judge was serving as the Mobile County District Attorney; and because the prior convictions that were used to enhance his sentence had been prosecuted under the trial judge's supervision as the Mobile County District Attorney. In Crawford, the trial judge noted that he did not have any knowledge of Crawford's cases and that he had not been aware that Crawford's case was pending and denied the motion recuse. On appeal, this court held:
 "Despite the trial judge's assurance that he was not biased, this Court has previously decided this matter adversely to the judge under almost identical facts. In Crumpton v. State, 677 So.2d 814
(Ala.Cr.App. 1995), Crumpton contended that the same trial judge whose recusal is sought in the instant case erred in failing to recuse himself from the case because he had been district attorney for Mobile County when the charges were entered against Crumpton. In that case, Crumpton was arrested on July 17, 1994, in the current case the appellant was arrested on July 21, 1994. Crumpton and the appellant in the present case, were indicted on the same date — September 23, 1994. In holding that Judge Galanos should have recused, this Court cited the Alabama Canons of Judicial Ethics and Ex parte Sanders, 659 So.2d 1036, 1037-38 (Ala.Cr.App. 1995), stating:
 "`"The appellant was arrested and charged with three felonies. Felonies are prosecuted by the state's representative, who is the district attorney for the specific county in which the crime occurred. At one point Galanos was the attorney of record for the cases against the appellant.
 "`"Section 12-1-12, Code of Alabama 1975, states:
 "`"`No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record or put in writing if the court is not of record.' *Page 466 
"`"Canon 3(C)(1), Alabama Canons of Judicial Ethics, states:
 "`"`(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "`"`(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
 "`"`(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.'"
 "`(Emphasis added [in Sanders].)
 "`"The Alabama Supreme Court in Rushing v. City of Georgiana, 361 So.2d 11 (Ala. 1978), had the first occasion after the adoption of the Alabama Canons of Judicial Ethics to address a similar question to the one presented here. The court stated the following concerning Canon 3:
 "`"`By the terms of Canon 3 "[a] judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably [be] questioned, . . ." Especially noted as an instance for disqualification is that in which he has "served as a lawyer in the matter in controversy, . . ." Even though the earlier case was a criminal prosecution between the State of Alabama and Rushing, whereas the present case is a civil action between Rushing and the City of Georgiana, is the difference in the parties and in the nature of the controversy material to the Judge's relationship to both? We think not.
 "`"`For one thing, they represent the same "matter in controversy." A "matter" is:
 "`"`[a] subject (as a fact, an event or course of events, or a circumstance, situation, or question) of interest or relevance: . . . Webster's Third New International Dictionary (1971)."
 "`"`. . . As the prosecutor in the criminal case, the respondent was a "lawyer" in that "matter in controversy." While we do not suggest the existence of the slightest degree of personal bias or prejudice toward the petitioner by the respondent, nevertheless this fact of his prior participation as prosecutor in the criminal case under these circumstances makes the latter civil cases a "proceeding in which . . . his impartiality might reasonably be questioned, . . ." Accord, Payne v. State, 48 Ala.App. 401, 407-9, 265 So.2d 185 (1972).'
 "`"361 So.2d at 12-13.
 "`"The Alabama Supreme Court in Ex parte Duncan, 638 So.2d 1332 (Ala), cert. denied, 513 U.S. 1007, 115 S.Ct. 528, 130 L.Ed.2d 432 (1994), further expressed its view on Canon 3(C)(1) by stating:
 "`"`Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when "facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge." Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: "Would a person of ordinary prudence in the judge's position knowing all of the facts *Page 467 
known to the judge find that there is a reasonable basis for questioning the judge's impartiality?" Matter of Sheffield, 465 So.2d 350, 356
(Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983).'
 "`"638 So.2d at 1334.
 "`"Based on the Alabama Canons of Judicial Ethics and Alabama Supreme Court cases interpreting Canon 3(C)(1), we hold that Judge Galanos erred in failing to recuse himself from hearing the appellant's cases. As the Alabama Supreme Court stated in Duncan, the question is not whether the judge is in fact impartial but whether another person `might reasonably question the judge's impartiality.' 638 So.2d at 1334. In this case, that question can be answered only in the affirmative."
 "`659 So.2d at 1037-38.'
 "677 So.2d at 815-16. See also Ex parte Bryant, 675 So.2d 552 (Ala.Cr.App. 1996).
 "Because the trial judge should have recused in this matter, this judgment is due to be reversed and the cause remanded to the Circuit Court for Mobile County for proceedings consistent with this opinion."
686 So.2d at 202-03. See also Ex parteSanders, 659 So.2d 1036 (Ala.Crim.App. 1995).
In this case, the appellant alleged that the circuit judge who ruled on his motion was the district attorney who indicted him and prosecuted him for four of the prior convictions that were used to the enhance the sentence for which he was seeking reconsideration. Neither the State nor the circuit judge responded to this specific allegation. Also, in his motion to reconsider his sentence, the appellant alleged that he was a nonviolent offender and included a list of the prior convictions that were used to enhance his sentence. When ruling on the motion, the circuit judge was required to determine whether the appellant was a violent offender and whether he was eligible to have his sentence reconsidered pursuant to § 13A-5-9.1, Ala. Code 1975. In making this determination, the circuit judge could have considered the facts and circumstances surrounding the appellant's prior convictions. See Holt v.State, 960 So.2d at 726 (Ala.Crim.App. 2006). Thus, if the circuit judge was the district attorney at the time of the proceedings underlying the prior convictions that were used to enhance the appellant's sentence, another person might reasonably question the judge's impartiality in the present case. Accordingly, we remand this case for the circuit judge to make specific, written findings of fact as to whether he was the district attorney at the time of the proceedings underlying the prior convictions that were used to enhance the appellant's sentence. On remand, the circuit judge may order the State to respond and/or conduct an evidentiary hearing. If the circuit judge determines that he was the district attorney at the time of the proceedings underlying the appellant's prior convictions, then he should set aside his ruling on the appellant's motion for reconsideration of sentence and grant the appellant's motion to recuse. The circuit judge shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this *Page 468 
opinion. The return to remand shall include the circuit judge's written findings of fact; a copy of the State's response, if any; and a transcript of the remand proceedings, if any.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.