WISE, Presiding Judge.
On December 3, 1996, the appellant, James Willie Jones, was convicted of three counts of first-degree robbery. On December 6, 1996, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See § 13A. — 5—9(c)(3), Ala.Code 1975. On February 6, 2007, Jones filed a petition to reconsider his sentences pursuant to § 13A-5-9.1, Ala.Code 1975. Without requiring a response, the circuit court denied the motion. Jones filed a “Motion to Alter, Amend or Vacate Judgment and Request for Judge Hamilton to Recuse Herself.” This appeal followed.
Jones argues that the circuit judge who ruled on his motion to reconsider should have recused herself because she was allegedly biased against him. Specifically, he contends that the circuit judge
“served as the Assistant District Attorney in 1987 until the time she became a judge; she was the prosecuting attorney that filed the motion to transfer [Jones] from the Juvenile Court to adult court on a burglary charge on December 2, 1987; she then prosecuted the case once it was transferred, and that that burglary conviction was used to enhance [Jones’s] current sentence to life without parole.”
(Jones’s brief at p. 6.) The State concedes that Jones’s claim could be meritorious and that we should remand this case for the circuit court to make findings regarding Jones’s claim.
*553 We addressed a similar situation in Coleman v. State, 986 So.2d 464, 467 (Ala.Crim.App.2007), as follows:
“In this case, the appellant alleged that the circuit judge who ruled on his motion was the district attorney who indicted him and prosecuted him for four of the prior convictions that were used to ... enhance the sentence for which he was seeking reconsideration. Neither the State nor the circuit judge responded to this specific allegation. Also, in his motion to reconsider his sentence, the appellant alleged that he was a nonviolent offender and included a list of the prior convictions that were used to enhance his sentence. When ruling on the motion, the circuit judge was required to determine whether the appellant was a violent offender and whether he was eligible to have his sentence reconsidered pursuant to § 13A-5-9.1, Ala.Code 1975. In making this determination, the circuit judge could have considered the facts and circumstances surrounding the appellant’s pri- or convictions. See Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006). Thus, if the circuit judge was the district attorney at the time of the proceedings underlying the prior convictions that were used to enhance the appellant’s sentence, another person might reasonably question the judge’s impartiality in the present case. Accordingly, we remand this case for the circuit judge to make specific, written findings of fact as to whether he was the district attorney at the time of the proceedings underlying the prior convictions that were used to enhance the appellant’s sentence.”
Similarly, in this case, the State did not refute Jones’s claim, and the circuit court did not make any findings regarding his claim. Accordingly, we remand this case with instructions that the circuit judge make specific, written findings of fact as to whether she was an assistant district attorney at the time of the proceedings underlying Jones’s 1987 burglary case; whether she was actually involved in the transfer proceedings and/or prosecution of that case; and whether the conviction in that case was used to enhance Jones’s sentences for his first-degree robbery convictions. On remand, the circuit judge may order the State to respond and/or conduct an evidentiary hearing. If the circuit judge determines that she was an assistant district attorney at the time of the proceedings underlying Jones’s 1987 burglary case, that she was actually involved in the transfer proceedings and/or prosecution of that case, and that the conviction in that case was used to enhance Jones’s sentences for his first-degree robbery convictions, then she should set aside her ruling on Jones’s petition for reconsideration of sentence and grant his motion to recuse.[1] The circuit judge shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit judge’s written findings of fact; a copy of the State’s response, if any; and a transcript of the remand proceedings, if any.
*554 REMANDED WITH INSTRUCTIONS. 
WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.

. In the event that the circuit judge recuses herself, she should deliver Jones's case to the presiding circuit judge for that judge to appoint another judge to make a determination on the merits of Jones’s motion for reconsideration of sentence. If the ruling on the merits of the motion is adverse to Jones, he *554 should file a new notice of appeal within forty-two days after the date of the ruling.